UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
2500 Tulare Street
Fresno, CA 93721

Clerk, USDC Northern District
450 Golden Gate Ave.
San Francisco, CA 94102

CV 08 1116

RE: STEVEN M. PALMER vs. CROTTY
USDC No.: 1:07–CV–00514–LJO–WMW

E-filing

CRB (PK)

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated February 12, 2008 , transmitted herewith are the following documents.

**Paper Documents: Copy of 2 and 18.**

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**February 12, 2008** /s/ **M. Verduzco**

Deputy Clerk

RECEIVED BY:

Please Print Name

DATE RECEIVED: **Helen L. Almacen**

NEW CASE NUMBER: CV 08 1116

I hereby attest and certify on 2/12/08 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By [signature] Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

C/O CROTTY, et al.,

Defendants.

CV F 07 0514 LJO WMW P

ORDER TRANSFERRING CLAIM S TO THE NORTHERN DISTRICT

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint filed in the Central District of California, and transferred to this district. Plaintiff, an inmate in the custody of the California Department of

Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Salinas Valley State Prison in Monterey County and Tehachapi State Prison in Kern County.

Plaintiff's claims in this complaint stem from injuries suffered in an event that occurred at Tehachapi on January 27, 2005. The complaint sets forth allegations of deliberate indifference at Tehachapi, and allegations of inadequate medical care at Salinas Valley State Prison.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, some of allegations relate to conduct by defendants not resident in this district. The Salinas Valley State Prison claims arose in Monterey County, which is in the Northern District of California. Therefore, those claims will be transferred to the U. S. District Court for Northern District of California, and proceed as a separate civil action in that district. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that:

1. The Salinas Valley State Prison claims are severed from this action.

2. The Clerk's Office shall forward to the U. S. District Court for the Northern District of California the complaint filed in the Central District on February 7, 2007, and

transferred to this district on April 2, 2007.[1]

3. The claims as to the Tehachapi defendants will proceed in this action. By separate order, the Court will grant Plaintiff leave to file an amended complaint as to the Tehachapi claims only.

IT IS SO ORDERED.

**Dated: February 11, 2008** **/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

---

[1]On October 2, 2007, an order was entered, granting Plaintiff leave to proceed in forma pauperis, and directing the CDCR to collect and forward to the court monthly payments from Plaintiff's inmate trust account.





Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

United States District Court
Central District

CV07-813 JFW (E)

Steven M. Palmer
plaintiff.

Civil Rights Complaint
42 usc 1983 pursuant to
28 usc 2201 & 2202

vs.

Correctional Officer
Crotty and the Medical
(Chief) Officer of
California Correctional Institute.
and Salinas Valley Prison.
defendants.

Venue

United States District Court
Central District
3470 12th Street
Riverside California, 92501-3000

I hereby attest and certify on 2/12/08 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By ______ Deputy



Jurisdiction

The United States Constitutional gurantee against the Deliberate Indifference of Prison Officials Farmer v Brenner 511 u.s. 825 and 28 usc 1367 supplemental jurisdiction over state law civil claims. 28 usc 1343, 1331,1391(b)

Plaintiff

At all times herein mentioned a prisoner of the State of California at the California State Prison at Salinas Valley Prison.

Defendants

The defendants herein named are being sued in their official and individual capacities.

The unknown named Captain ofthe Security Housing unit at California Institute at Tehachapi, for his failure to properly train his escort staff to follow (opp) operational proceures of escorting prisoners in handcuffs. There was suppose to be two offices during the incident.

Correctional Officer Crotty, for negligence under state law for not following opp rules for escorting prisoners from their cells and it was obvious from his comments that he had contempt and disdain for the plaintiff and his actions may have been indifferent to the safety of the plaintiff knowing that the plaintiff was backing out of the cell toward a flight of steps.

Chief Medical Officer of California Correctional Institute, Tehachapi for not providing emergency protocols for serverly injuried prisoners in the security housing unit or administrative segragatiion at CCI facility A

Salinas Valley Prison Health Care Committee, is a regional committee in charge of making health care polices for prisoners at Salinas Valley Prison real party at interest will still be the chief medical officer of Salinas Valley Prison. Named for its lack of adequate physical therapy facility at Salinas Valley, and for not providing a classification over ride and transfering the plaintiff to California Medical Facility a Vacaville.

Deputy Director of Health Care services division, is in charge of the statewide application of prisoner health care polices and is named in this action to insu wherever the plaintiff is housed in the state injuctive order will be enforced and for not having a protocol for injuried prisoners transfer to inadequate facilitys like Salinas Valley Prison.

FACTS OF CASE

On the mornning of January 27, 2005, in the Administrative Segregation unit of California Correctional Institute at Tehachapi building 8 facility A Correctional Officer Crotty came to the cell of the plaintiff on the top row accessed by a flight of 14 steps. He was shouting "Get the hell up and get dressed" The plaintiff asked what for and he responded "Just get the fuck dress, I am taking you to committee on the charges that you assulted one of us," referring to a correctional officer, then he stated" Get ready for the pay back brother"

Then the plaintiff was handcuffed through the food port of the cell door behind his back as per operional procedures of the security housing unit, and he then proceeded to back out backward from the cell after the cell door opened. The plaintiff took several steps backwards and slip and fell 14 steps down the flight of stairs. The plaintiff was rushed to the local hospital in Tehachapi, he was immediately returned perpolicy of the Prison that no overnite hospital stays for level 4 prisoner unless life threating injury.

The plaintiff was placed back in the same exact cell, unable to walk paralized from the waist down, no accommadations was made for him, no wheel chair no cruched. He had to crawl around the cell and up and down the stairs on his hands and knees.

In the most excrusiating pain imaginable, for 14 days before he was taken to the prison infirmary. Not one medical official came to check on the plaintiff after his return from the hospital and ~~saerely~~ scarely did any check on him in the infiramry.

On the plaintiff was transfered to Salinas Valley Prison a facility totally without equiptment for medical needs prisoners, nor was it designed to house medical needs prisoners. Since the plaintiff's arrival at the prison has been having a hard time getting to his specialist appointments and receiving physical therapy such as whirlpool baths and weight trainning. The facility stays on constant lock down status for every little whim of prison officials therefore the plaintiff can not go out to walk and exercise muscles and keep some physical fitness regime. Not only are whirlpool baths and weight trainning not being provided, the plaintiff should have been placed in a singleman cell so he could have the full range of movement within his cell during long periods of lock down, to replace excercise out of cell.

The plaintiff was told that physical therapy and treatment was discretionary to the prison officials.

#4

## Deliberate Indifference

The incident occured 2½ years after Plata v Davis the class action which found that the Department of Corrections was "Delibeaately Indifferent" to the medical needs of prisoners. That was evident in this case, the plaintiff was crawling around in a prison block on his hands and knee for two weeks, without medical attention. Then when an effort was made it was meager at best, there is no way of know it there is any permanent nerve or spinal cord damage due to this lack of immediate care.

## LACK OF SUFFICIENT TRAINNING OF STAFF

The lack of adequate trainning of Officer Crotty is also a manifestion of the indifference of Prison officials, to send one lone officer to remove the plaintiff from his cell on the top row, handcuffed behind his back and walking backwards from his cell. This was a violation of established procedure for the removal of prisoners from the cell in administrative segregation, there was suppose to be two officers at the opening of the plaintiff's cell door, one on top of the stairs and one half way or midway on the stair way to break a falling persons prisoner or staff. from a fall down the stair way.

DELIBERATE INDIFFERENCE TO
SERIOUS MEDICAL NEEDS

After the fall the plaintiff should not have been placed back in the cell in the disciplinary unit, he should have been taken immediately to the prison infirmary and fited with ### neck brace and back braces.
The plaintiff housing assignment was suppose to be changed after the diagnoses of the medical specialist to medical facility only.
The transfer to the Prison at Salinas Valley a facility not designed for the serious medical needs of the plaintiff, then their refusal to give him adquate adequate medical care, whirlpool baths and weight trainning, not even adequate outdoor exercise. All of this is done for the convenience of the Prison not taking any consideration of their obligations under the many Federal Court mandates to provide adequate medical care for prisoners.

STATE LAW CLAIMS

The plaintiff request that this court exercise its jurisdiction under 28 usc 1367, and allow the plaintiff to bring state law claims in this matter. The court has the power over state law civil claims and can hear and decide them along with federal law civil claims. (Wisconsin Department of Corrections v Schacht 188 S. Ct. 2047 524 u.s. 381, 141 L.ed. 2d 364)

NEGLIGENCE

The plaintiff claims negligence with malice on the part of the Correctional officer Crotty, he knew from his trainning he was not to attempt the removal of the plaintiff from his cell by himself, and from the initial comments made

by him that he had contempt and disdain for the plaintiff and could careless for his well being, therefore he lack sufficient concern to be viligence in his official duties. Then there was the lack of sufficient supervision if the Captain had done his frequeant inspections, he would have notice this failure in following proper procedures and poor mantenance of the stairs with ## no step grips or slip guard type of strips on the stepps.

Cause of action I

The defendants were indifferent to the medical needs of the plaintiff in violation of the eighth amendment of the United States Consitution.

Cause of Action II

State law negligence in failure to use adequate care and mantenace of the facilitys during the incidents.

@ Verification and Prayer for relief

Pursuant to 28 usc 1746, I do declare and verify under the penalty of perjury that the foregoing is true and corect.

Date. 1-7-07

Stefan M. Palmer

PRAYER OF RELIEF

INJUNCTIVE ORDER: The plaintiff is to be provided with adequate medical treatment at Salinas Valley Prison, this includes all the methods used in orthopedic slip fall cases such as his in general public. This is only to be restricted by reasonable security concerns, the plaintiff is to be provided with sufficient out of cell exercise to provide for adequate muscle activity, and when this is not possible, the plaintiff will be housed by himself to allow for adequate cell area for sufficient muscle activity.

DECLARATORY ORDER: Prison official are in violation of the eighth amendment in their treatment of the plaintiff.

COMPENSATORY DAMAGES: $100.000 One Hundred Thousand Dollars, for lost or any spinal cord damage or walking ability.

PUNITIVE DAMAGES: ~~$$$$~~ $100.000 One Hundred Thousand Dollars for the callous and malice treatment and indifference by the defendants, andthe pain and suffering of the plaintiff.

NORMIAL DAMAGES: Court cost and Attorney Fees

DATE. 1-7-07

Stephen M. Palmer

Case Number: ______________

CERTIFICATE OF FUNDS

IN

PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of Palmer Steven H46989 for the last six months at SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT P.O. BOX 1020 SOLEDAD, CA 93960-1020 [prisoner name] ______________ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $ .31 and the average balance in the prisoner's account each month for the most recent 6-month period was $ 0.

Dated: 1/8/07

L. Macias

[Authorized officer of the institution]

PRISONER_CIVIL_RIGHTS

**U.S. District Court**
**Eastern District of California - Live System (Fresno)**
**CIVIL DOCKET FOR CASE #: 1:07-cv-00514-LJO-WMW**

(PC) Palmer v. Crotty et al
Assigned to: District Judge Lawrence J. O'Neill
Referred to: Magistrate Judge William M. Wunderlich
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/02/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Steven M. Palmer** represented by **Steven M. Palmer**
H-46989
PO Box 1050
Soledad, CA 93960
PRO SE

V.

**Defendant**

**Crotty**

**Defendant**

**Medical Chief Officer of California Correctional Institute**

**Defendant**

**Salinas Valley Prison**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/02/2007 | 1 | CASE TRANSFERRED IN from the Central District; Case Number 07 cv 813 JFW (AGR). Original file with documents numbered 1 - 8, certified copy of transfer order and docket sheet received. by Steven M. Palmer. (Attachments: # 1 Lodged Doc.# 2 Doc. 1 Declaration# 3 Doc. 2 Order# 4 Court Notice# 5 Doc. 3 Complaint# 6 Doc. 4 Notice regarding Magistrate Judge# 7 Doc. 5 OSC# 8 Doc. 6 Order# 9 Doc. 7 Minutes# 10 Doc. 8 Transfer Order)(Kusamura, W) (Entered: 04/06/2007) |
| 04/02/2007 | 2 | COMPLAINT against Crotty, Medical Chief Officer of California Correctional Institute, Salinas Valley Prison by Steven M. Palmer.(Kusamura, W) (Entered: 04/06/2007) |
| 04/06/2007 | 3 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Kusamura, W) (Entered: 04/06/2007) |
| 04/06/2007 | | SERVICE BY MAIL: 3 Prisoner New Case Documents for LJO served on Steven M. Palmer (Kusamura, W) (Entered: 04/06/2007) |
| 04/23/2007 | 4 | DECLINE to PROCEED BEFORE US MAGISTRATE JUDGE by Steven M. Palmer. (Hellings, J) (Entered: 04/24/2007) |
| 05/07/2007 | 5 | ORDER to Submit Application to proceed in Forma Pauperis or Filing Fee due by |

| | | |
|---|---|---|
| | | 6/11/2007, signed by Judge William M. Wunderlich on 5/7/07. (c.c. Plaintiff IFP appllication)(Gil-Garcia, A) (Entered: 05/07/2007) |
| 06/26/2007 | 6 | FINDINGS and RECOMMENDATIONS recommending that action be dismissed for plaintiff's failure to obey a court order. Findings REFERRED to Judge O'Neill,Objections to F&R due by 7/16/2007. Signed by Judge William M. Wunderlich on 6/25/2007. (Vasquez, J) (Entered: 06/26/2007) |
| 06/26/2007 | | SERVICE BY MAIL: 6 Findings and Recommendations, served on Steven M. Palmer (Vasquez, J) (Entered: 06/26/2007) |
| 07/06/2007 | 7 | OBJECTIONS to 6 FINDINGS and RECOMMENDATIONS by Steven M. Palmer. (Verduzco, M) (Entered: 07/10/2007) |
| 07/13/2007 | 8 | OBJECTIONS to FINDINGS and RECOMMENDATIONS 6 by Plaintiff Steven M. Palmer. (Esteves, C) (Entered: 07/13/2007) |
| 07/27/2007 | 9 | FINDINGS and RECOMMENDATIONS recommending that this action be dismissed without prejudice as duplicative; matter referred to Judge O'Neill; objections to F&R due by 8/20/2007; order signed by Judge William M. Wunderlich on 7/27/07. (Rooney, M) (Entered: 07/27/2007) |
| 07/27/2007 | | SERVICE BY MAIL: 9 Findings and Recommendations served on Steven M. Palmer. (Rooney, M) (Entered: 07/27/2007) |
| 08/14/2007 | 12 | OBJECTIONS to FINDINGS and RECOMMENDATIONS 9 by Plaintiff Steven M. Palmer. (Hellings, J) (Entered: 08/16/2007) |
| 08/15/2007 | 10 | Second ORDER to Submit New Application to Proceed in Forma Pauperis and Certified Copy of Trust Account Statement or Pay Filing Fee signed by Judge William M. Wunderlich on 08/15/2007. IFP application or filing fee due by 9/18/2007. (Esteves, C) (Entered: 08/15/2007) |
| 08/15/2007 | | SERVICE BY MAIL: 10 Order served on Steven M. Palmer. (Esteves, C) (Entered: 08/15/2007) |
| 08/16/2007 | 11 | OBJECTIONS to FINDINGS and RECOMMENDATIONS 9 by Plaintiff Steven M. Palmer. (Scrivner, E) (Entered: 08/16/2007) |
| 08/29/2007 | 13 | MOTION for Clarification of Order dated August 15, 2007 re 10 Order, Set/Reset Deadlines and Hearings - O by Steven M. Palmer. (Scrivner, E) (Entered: 08/29/2007) |
| 10/02/2007 | 14 | ORDER GRANTING IFP APPLICATION signed by Judge William M. Wunderlich on 10/01/2007. (Flores, E) (Entered: 10/02/2007) |
| 10/02/2007 | 15 | ORDER DIRECTING MONTHLY PAYMENTS be made from Prison Account of Steven M. Palmer signed by Judge William M. Wunderlich on 10/01/2007. (Attachments: # 1 IFP Application)(Flores, E) (Entered: 10/02/2007) |
| 10/02/2007 | 16 | FIRST INFORMATIONAL ORDER signed by Judge William M. Wunderlich on 10/01/2007. (Flores, E) (Entered: 10/02/2007) |
| 10/02/2007 | | SERVICE BY MAIL: 14 Order, 15 Order Directing Prisoner Payment, 16 Order served on Steven M. Palmer (Flores, E) (Entered: 10/02/2007) |
| 02/11/2008 | 17 | ORDER Dismissing Complaint *with leave to amend* signed by Magistrate Judge William M. Wunderlich on 2/11/08. Amended Complaint due by 3/14/2008. (Attachments: # 1 Amended Complaint Form)(Verduzco, M) (Entered: 02/11/2008) |
| 02/11/2008 | | SERVICE BY MAIL: 17 Order served on Steven M. Palmer. (Verduzco, M) (Entered: 02/11/2008) |
| 02/12/2008 | 18 | ORDER Transferring Claims to the Northern District signed by Magistrate Judge William M. Wunderlich on 2/11/08. (Verduzco, M) (Entered: 02/12/2008) |

| | | |
|---|---|---|
| 02/12/2008 | | SERVICE BY MAIL: 18 Order served on Steven M. Palmer. (Verduzco, M) (Entered: 02/12/2008) |
| 02/12/2008 | 19 | TRANSMITTAL of DOCUMENTS on *2/12/2008* to * Clerk, USDC Northern District* *450 Golden Gate Ave.* *San Francisco, CA 94102*. ** * Paper Documents: Copy of 2 and 18. * (Verduzco, M) (Entered: 02/12/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/19/2008 09:36:18 | | | |
| **PACER Login:** | us4077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00514-LJO-WMW |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

FILED
APR 2 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

March 26, 2007

Ms. Victoria C. Minor, Clerk
United States District Court
501 I Street
Sacramento, CA 95814-7300

Re: Transfer of our Civil Case No. CV07-0813 JFW(AGR)

Case Title: STEVEN M PALMER VS CORRETIONAL OFFICER CROTTY et al

Dear Sir/Madam: 1:07-cv-514 LJO WMW PC

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By [signature]
Deputy Clerk

cc: All counsel of record

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: ______________________.

Clerk, U.S. District Court

By [signature]
Deputy Clerk

194, CLOSED, TRANSFERRED

# U.S. District Court
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:07-cv-00813-JFW-AGR

Steven M Palmer v. Crotty et al
Assigned to: Judge John F. Walter
Referred to: Magistrate Judge Alicia G. Rosenberg
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/03/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Steven M Palmer** represented by **Steven M Palmer**
CDC H-46989
Soledad Salinas Valley State Prison
P O Box 1050
Soledad, CA 93960
US
PRO SE

V.

**Defendant**

**Crotty**
*Correctional Officer*

**Defendant**

**Medical Chief Officer of California Correctional Institute**

**Defendant**

**Salinas Valley Prison**

I hereby attest and certify on 3/26/07 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY CLERK

1117

| Date Filed | # | Docket Text |
|---|---|---|
| 02/03/2007 | | LODGED COMPLAINT forwarded to Magistrate Judge: Charles F. Eick. Complaint sought to be filed by plaintiff |

| | | |
|---|---|---|
| | | Steven M Palmer.(rrey, ) (Entered: 02/07/2007) |
| 02/03/2007 | 1 | REQUEST to Proceed without Prepayment of Filing Fees, Declaration in Support filed by plaintiff Steven M Palmer. (rrey, ) (Entered: 02/07/2007) |
| 02/07/2007 | 2 | ORDER by Judge Charles F. Eick: granting [1] Request for Leave to Proceed without Prepayment of Filing Fee. Further ORDERED the prisoner-plaintiff owes the Court total filing fee of $ 350.00. Monthly payments shall be forwarded to the Court in accordance with this order. (et) (Entered: 02/09/2007) |
| 02/07/2007 | | Judge John F. Walter added. Judge Unassigned no longer assigned to case. (et) (Entered: 02/09/2007) |
| 02/07/2007 | 3 | CIVIL RIGHTS COMPLAINT filed against defendants Crotty, Medical Chief Officer of California Correctional Institute, Salinas Valley Prison pursuant to 42:1983. Case assigned to Judge John F. Walter and referred to Magistrate Judge Charles F. Eick. (Filing fee: ifp granted), filed by plaintiff Steven M Palmer.(et) (Entered: 02/09/2007) |
| 02/07/2007 | 4 | NOTICE OF REFERENCE to United States Magistrate Judge Charles F. Eick. (et) (Entered: 02/09/2007) |
| 02/09/2007 | 5 | ORDER to Show Cause re Transfer of Action to the Eastern District of California by Judge Charles F. Eick. If any party objects to the transfer of this action from this Court to the U.S. District Court for the Eastern District of California, such party shall file objections within 30 days of the date of this order. (See document for further information.)(sp, ) (Entered: 02/09/2007) |
| 03/13/2007 | 6 | ORDER OF THE CHIEF MAGISTRATE JUDGE - OCMJ# 07-007 by Chief Magistrate Judge Ralph Zarefsky. Pursuant to the recommended procedure adopted by the Court for the Creation of Calendar of Magistrate Judge Charles F. Eick, this case is transferred from the calendar of Magistrate Judge Charles F. Eick to the calendar of Magistrate Judge Alicia G. Rosenberg for all further proceedings authorized by statute, local rules and general orders. All documents subsequently filed shall bear this new case designation CV 07-0813 JFW (AGR) absent further order of the Court.(rn, ) (Entered: 03/14/2007) |
| 03/15/2007 | 7 | MINUTES OF IN CHAMBERS ORDER by Judge Alicia G. |

| | | |
|---|---|---|
| | | Rosenberg. TRANSFER OF CASE TO MAGISTRATE JUDGE ALICIA G. ROSENBERG. This action has been reassigned to the Honorable Alicia G. Rosenberg, United States Magistrate Judge pursuant to Order of the Chief Magistrate Judge re transfer of cases filed on March 13, 2007. The United States District Judge's assignment remains the same. (See Order for details.)Tape #: none. (agrcrd, ) (Entered: 03/15/2007) |
| 03/21/2007 | 8 | ORDER by Judge John F. Walter: IT IS THEREFORE ORDERED that this action be transferred to the USDC for the Eastern District of California in Fresno and that the Clerk of this Court effect such transfer. IT IS FURTHER ORDERED that the Clerk shall mail copies of this Order to Plaintiff and to all Defendants named in the complaint. (Made JS-6. Case Terminated.)(klg, ) (Entered: 03/26/2007) |

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

LODGED
CLERK, U.S. DISTRICT COURT
FEB - 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

550 new

United States District Court
Central District

CV07-813

Steven M. Palmer
plaintiff.

E-filing

Civil Rights Complaint
42 usc 1983 pursuant to
28 usc 2201 & 2202

CV 08 1116 CRB

1:07-CV-514 LJO WMW PC

vs.

Correctional Officer
Crotty and the Medical
(Chief) Officer of
California Correctional Institute.
and Salinas Valley Prison.
defendants.

(PR)

Venue

United States District Court
Central District
3470 12th Street
Riverside California, 92501-3000

DOCKETED ON CM
FEB - 7 2007
BY
019

Case 3:08-cv-01116-PJH Document 1 Filed 02/25/2008 Page 22 of 65

LODGED
CLERK, U.S. DISTRICT COURT
FEB - 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
SEND
FEB - 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #

H-46989
STEVEN M. PALMER

PLAINTIFF(S)

V.

CORRECTIONAL OFFICER CROTTY AND THE MEDICAL (CHIEF) OFFICER

DEFENDANT(S)

CASE NUMBER

CV07- 813 (E)

## ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of 350.00. ~~An initial partial filing fee of $ ______ Must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter,~~ Monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

2/5/07

Date

United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Legally and/or factually patently frivolous
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Other: ______
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to ______
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

Comments:

DOCKETED ON CM
FEB - 9 2007
BY 067

Date

United States Magistrate Judge

---

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED** ☐ **DENIED (See comments above)**

Date

United States District Judge



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK OF COURT

**MEMORANDUM**

CV07-813

Date: 2/3/07

To: Civil Case Opening Clerk, Docketing Section

From: Pro Se Unit

☐ The Application for IFP in this case has been assigned to Magistrate Judge (E) for determination.

☐ The Application for IFP in this case has been forwarded to the Duty Magistrate Judge.

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

United States District Court
Central District

CV07-813 JFW (E)

Steven M. Palmer
plaintiff.

Civil Rights Complaint
42 usc 1983 pursuant to
28 usc 2201 & 2202

vs.

Correctional Officer
Crotty and the Medical
(Chief) Officer of
California Correctional Institute.
and Salinas Valley Prison.
defendants.

Venue

United States District Court
Central District
3470 12th Street
Riverside California, 92501-3000



Jurisdiction

The United States Constitutional gurantee against the Deliberate Indifference of Prison Officials Farmer v Brenner 511 u.s. 825 and 28 usc 1367 supplemental jurisdiction over state law civil claims. 28 usc 1343, 1331,1391(b)

Plaintiff

At all times herein mentioned a prisoner of the State of California at the California State Prison at Salinas Valley Prison.

Defendants

The defendants herein named are being sued in their official and indmvidual capacities.

The unknown named Captain ofthe Security Housing unit at California Institute at Tehachapi, for his failure to properly train his escort staff to follow (opp) operational proceures of escorting prisoners in handcuffs. There was suppose to be two officers during the incident.

Correctional Officer Crotty, for negligence under state law for not following opp rules for escorting prisoners ### from their cells and it was obvious from his comments that he had contempt and disdain for the plaintiff and his action may have been indifferent to the safety of the plaintiff knowing that the plaintiff was backing out of the cell toward a flight of steps.

Chief Medical Officer of Califormia Correctional Institute, Tehachapi for not providing emergency protocols for serverly injuried prisoners in the security housing unit or administrative segragatiion at CCI facility A

Salinas Valley Prison Health Care Committee, is a regional committee in charge of making health care polices for prisoners at Salinas Valley Prison real party at interest will still be the chief medical officer of Salinas Valley Prison. Named for its lack of adequate physical therapy facility at Salinas Valley, and for not providing a classification over ride and transfering the plaintiff to California Medical Facility a Vacaville.

Deputy Director of Health Care services division, is in charge of the statewid application of prisoner health care polices and is named in this action to ins wherever the plaintiff is housed in the state injuctive order will be enforced and for not having a protocol for injuried prisoners transfer to inadequate facilitys like Salinas Valley Prison.

FACTS OF CASE

On the mornning of January 27, 2005, in the Administrative Segregation unit of California Correctional Institute at Tehachapi building 8 facility A Correctional Officer Crotty came to the cell of the plaintiff on the top row accessed by a flight of 14 steps. He was shouting "Get the hell up and get dressed" The plaintiff asked what for and he responded "Just get the fuck dress, I am taking you to committee on the charges that you assulted one of us," referring to a correctional officer, then he stated" Get ready for the pay back brother"

Then the plaintiff was handcuffed through the food port of the cell door behin his back as per operional procedures of the security housing unit, and he then proceeded to back out backward from the cell after the cell door opened. The plaintiff took several steps backwards and slip and fell 14 steps down the flight of stairs. The plaintiff was rushed to the local hospital in Tehachapi, he was immediately returned perpolicy of the Prison that no overnit hospital stays for level 4 prisoner unless life threating injury.

The plaintiff was placed back in the same exact cell, unable to walk paralized from the waist down, no accommadations was made for him, no wheel chair no cruched. He had to crawl around the cell and up and down the stairs on his hands and knees.

In the most excrusiating pain imaginable, for 14 days before he was taken to the prison infirmary. Not one medical official came to check on the plainti after his return from the hospital and ~~saerely~~ scarely did any check on him in the infiramry.

On                                the plaintiff was transfered to Salinas Valley Prison a facility totally without equiptment for medical needs prisoners, nor was it designed to house medical needs prisoners. Since the plaintiff's arrival at the prison has been having a hard time getting to his specialist appointments and receiving physical therapy such as whirlpool baths and weight trainning. The facility stays on constant lock down status for every little whim of prison officials therefore the plaintiff can not go out to walk and exercise muscles and keep some physical fitness regime. Not only are whirlpool baths and weight trainning not being provided, the plaintiff should have been placed in a singleman cell so he could have the full range of movement within his cell during long periods of lock down, to replace excercise out of cell.

The plaintiff was told that physical therapy and treatment was discretionary to the prison officials.

## Deliberate Indifference

The incident occured 2½ years after Plata v Davis the class action which found that the Department of Corrections was "Delibeaately Indifferent" to the medical needs of prisoners. That was evident in this case, the plaintiff was crawling around in a prison block on his hands and kn for two weeks, without medical attention. Then when an effort was made it was meager at best, there is no way of know it there is any permanent nerve or spinal cord damage due to this lack of immediate care.

## LACK OF SUFFICIENT TRAINNING OF STAFF

The lack of adequate trainning of Officer Crotty is also a manifestion of the indifference of Prison officials, to send one lone officer to remove the plaintiff from his cell on the top row, handcuffed behind his back and walking backwards from his cell. This was a violation of established procedure for the removal of prisoners from the cell in administrative segregation, there was suppose to be two officers at the opening of the plaintiff's cell door, one on top of the stairs and one half way or midway on the stair way to break a falling persons prisoner or staff. from a fall down the stair way.

DELIBERATE INDIFFERENCE TO
SERIOUS MEDICAL NEEDS

After the fall the plaintiff should not have been placed back in the cell in the disciplinary unit, he should have been taken immediately to the prison infirmary and fited with ### neck brace and back braces.

The plaintiff housing assignment was suppose to be changed after the diagnoses of the medical specialist to medical facility only.

The transfer to the Prison at Salinas Valley a facility not designed for the serious medical needs of the plaintiff, then their refusal to give him adquate adequate medical care, whirlpool baths and weight trainning, not even adequate outdoor exercise. All of this is done for the convenience of the Prison not taking any consideration of their obligations under the many Federal Court mandates to provide adequate medical care for prisoners.

STATE LAW CLAIMS

The plaintiff request that this court exercise its jurisdiction under 28 usc 1367, and allow the plaintiff to bring state law claims in this matter. The court has the power over state law civil claims and can hear and decide them along with federal law civil claims. (Wisconsin Department of Corrections v Schacht 188 S. Ct. 2047 524 u.s. 381, 141 L.ed. 2d 364)

NEGLIGENCE

The plaintiff claims negligence with malice on the part of the Correctional officer Crotty, he knew from his trainning he was not to attempt the removal of the plaintiff from his cell by himself, and from the initial comments made

by him that he had contempt and disdain for the plaintiff and could careless for his well being, therefore he lack sufficient concern to be viligence in his official duties. Then there was the lack of sufficient supervisior if the Captain had done his frequeant inspections, he would have notice this failure in following proper procedures and poor mantenance of the stairs with ## no step grips or slip guard type of strips on the stepps.

Cause of action I

The defendants were indifferent to the medical needs of the plaintiff in violation of the eighth amendment of the United States Consitution.

Cause of Action II

State law negligence in failure to use adequate care and mantenace of the facilitys during the incidents.

@ Verification and Prayer for relief

Pursuant to 28 usc 1746, I do declare and verify under the penalty of perjury that the foregoing is true and corect.

Date. 1-7-07

Stefan M. Palmer

PRAYER OF RELIEF

INJUNCTIVE ORDER: The plaintiff is to be provided with adequate medical treatment at Salinas Valley Prison, this includes all the methods used in orthopedic slip fall cases such as his in general public. This is only to be restricted by reasonable security concerns, the plaintiff is to be provided with sufficient out of cell exercise to provide for adequate muscle activity, and when this is not possible, the plaintiff will be housed by himself to allow for adequate cell area for sufficient muscle activity.

DECLARATORY ORDER: Prison official are in violation of the eighth amendment in their treatment of the plaintiff.

COMPENSATORY DAMAGES: $100.000 One Hundred Thousand Dollars, for lost or any spinal cord damage or walking ability.

PUNITIVE DAMAGES: #### $100.000 One Hundred Thousand Dollars for the callous and malice treatment and indifference by the defendants, andthe pain and suffering of the plaintiff.

NORMIAL DAMAGES: Court cost and Attorney Fees

DATE. 1-7-07

Stephen M. Palmer

Case Number: ______________

# CERTIFICATE OF FUNDS

# IN

# PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of Palmer Steven H46989 for the last six months

at SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT P.O. BOX 1020 SOLEDAD, CA 93960-1020 [prisoner name]

______________________________ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $ .31 and the average balance in the prisoner's account each month for the most recent 6-month period was $ 0.

Dated: 1/8/07

L. Macias

[Authorized officer of the institution]

FILED
CLERK, U.S. DISTRICT COURT
– 7 2007
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Steven M. Palmer<br>PLAINTIFF(S)<br>v.<br>Correctional Officer Crotty and The Medical (Chief) Officer<br>DEFENDANT(S). | CASE NUMBER<br>CV07-813 JFW (E)<br>**NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** |

Pursuant to General Order 224, the within action has been assigned to the calendar of the Honorable John F. Walter, U. S. District Judge. Pursuant to the provisions of the Local Rules Governing Duties of Magistrate Judges, the within action is referred to U. S. Magistrate Judge Charles F. Eick, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial by a District Judge is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court together with proposed findings of fact and conclusions of law where necessary or appropriate, and a proposed written order or judgment, which shall be mailed to the parties. In the event the Magistrate Judge concludes that a trial by a District Judge is required, the Magistrate Judge shall so report to the District Judge.

Subsequent documents, correspondence and all other matters to be called to the magistrate judge's attention must be submitted and/or filed at the following location:

- [x] Western Division, 312 N. Spring Street, G-8, Los Angeles, CA 90012
- [ ] Southern Division, 411 West Fourth St., Ste 1053, Santa Ana, CA 92701-4516
- [ ] Eastern Division, 3470 Twelfth Street, Room 134, Riverside, CA 92501

**Failure to submit and/or file at the proper location will result in your documents being returned to you.**

Clerk, U. S. District Court

2/7/07
Date

By P. Gomez/CS
Deputy Clerk

DOCKETED ON CM
FEB - 9 2007
BY 067

**NOTICE TO COUNSEL**

A copy of this notice must be served with the summons and complaint.

Electronic recording equipment is used to report discovery proceedings before magistrate judges. However, if the parties deem that a court reporter is necessary, they may make their own arrangements in this regard.



FILED
CLERK, U.S. DISTRICT COURT
FEB 9 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

DOCKETED ON CM
FEB - 9 2007
BY 064

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STEVEN M. PALMER, Plaintiff, v. CORRECTIONAL OFFICER CROTTY, et al., Defendants. | ) | NO. CV 07-813-JFW(E) ORDER TO SHOW CAUSE RE TRANSFER OF ACTION TO THE EASTERN DISTRICT OF CALIFORNIA |

If any party objects to the transfer of this action from this Court to the United States District Court for the Eastern District of California, such party shall file objections within thirty (30) days of the date of this Order. The objections shall show cause, if there be any, why this action should not be transferred to the Eastern District of California on the grounds of improper venue.

The complaint purports to allege claims under section 1983 of Title 42 in connection with Plaintiff's treatment while incarcerated in the California Correctional Institute at Tehachapi, a prison located within the Eastern District of California, and at Salinas

Valley Prison, a prison located within the Northern District of California. Section 1391(b) of Title 28 provides:

SCANNED

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The individual Defendants evidently reside within the Eastern District of California. No part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of California. Therefore, venue plainly is improper in this Court. Id.

Section 1406(a) of Title 28 provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

///

This action could have been brought in the Eastern District of California. 28 U.S.C. § 1391(b)(2). This Court has the power on its own motion to decide the venue issue and to dismiss or transfer the action before a responsive pleading is filed. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

The Clerk shall mail copies of this Order to Plaintiff and to all Defendants named in the complaint.

DATED: February 8, 2007.

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE



SEND
FILED
CLERK, U.S. DISTRICT COURT
MAR 13 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In the Matter of the Creation of a Calendar

for

Magistrate Judge ALICIA G. ROSENBERG

ORDER OF THE CHIEF MAGISTRATE JUDGE

CV 07-0813 JFW(E)

07 007

Pursuant to the recommended procedure adopted by the Court for the creation of the calendar of Magistrate Judge Alicia G. Rosenberg,

IT IS HEREBY ORDERED that the following cases are transferred from the calendar of Magistrate Judge Charles F. Eick to the calendar of Magistrate Judge Alicia G. Rosenberg for all further proceedings:

| | | | | |
|---|---|---|---|---|
| ED | 07 | 00077 | FMC(E) | Edward Hunt v. Jo Anne B. Barnhart |
| ED | 06 | 00959* | E | Charles J. Morales v. Jo Anne B. Barnhart |
| CV | 07 | 00008 | GAF(E) | Fermei Reina v. B.G. Compton |
| CV | 06 | 04884 | PSG(E) | James H Timberlake v. Roseanne Campbell |
| CV | 06 | 07938 | FMC(E) | Ernest Howard v. Kathy Mendoza-Powers |
| CV | 06 | 06603 | DOC(E) | Billy J. Rufus v. Mike Knowles |
| CV | 07 | 00813 | JFW(E) | Steven M. Palmer v. Crotty, et al. |

Parties in cases noted with an asterisk (*) previously consented to proceed before the prior Magistrate Judge in accordance with 28 U.S.C. §636(c). Such consent is hereby VACATED. Counsel who agree to proceed before Judge Rosenberg shall file a new consent form. If such form is not filed within 30 days of this date, the case will be reassigned to the originally assigned District Judge and the newly assigned Magistrate Judge will remain as the referral judge.

Dated: March 13, 2007

Ralph Zarefsky
Chief Magistrate Judge

(6)

ENTERED ON CM 3/14/07



P-SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 07-0813-JFW(AGR) Date March 15, 2007

Title STEVEN M. PALMER v. CORRECTIONAL OFFICER CROTTY, et al.

Present: The Honorable ALICIA G. ROSENBERG, UNITED STATES MAGISTRATE JUDGE

| Marine Pogosyan | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| not present | not present |

**Proceedings:** **(IN CHAMBERS): TRANSFER OF CASE TO MAGISTRATE JUDGE ALICIA G. ROSENBERG**

This action has been reassigned to the Honorable Alicia G. Rosenberg, United States Magistrate Judge pursuant to Order of the Chief Magistrate Judge re transfer of cases filed on March 13, 2007. The United States District Judge's assignment remains the same.

Please substitute the initials **AGR** in place of the initials **E** The case number will now read: **CV 07-00813-JFW (AGR)**. As documents are routed using the judge's initials, it is important to use the correct initials on all subsequent filings. Magistrate Judge Rosenberg's courtroom deputy clerk, Marine Pogosyan, can be reached at (213) 894-5419.

Magistrate Judge Rosenberg's courtroom is located on the 8th floor of the United States Courthouse at 312 North Spring Street, Courtroom # D. All orders previously issued remain in effect.

DOCKETED ON CM
MAR 15 2007
BY ______ 195

Initials of Preparer mp

#7

| | | |
|---|---|---|
| | | Rosenberg. TRANSFER OF CASE TO MAGISTRATE JUDGE ALICIA G. ROSENBERG. This action has been reassigned to the Honorable Alicia G. Rosenberg, United States Magistrate Judge pursuant to Order of the Chief Magistrate Judge re transfer of cases filed on March 13, 2007. The United States District Judge's assignment remains the same. (See Order for details.)Tape #: none. (agrcrd, ) (Entered: 03/15/2007) |
| 03/21/2007 | 8 | ORDER by Judge John F. Walter: IT IS THEREFORE ORDERED that this action be transferred to the USDC for the Eastern District of California in Fresno and that the Clerk of this Court effect such transfer. IT IS FURTHER ORDERED that the Clerk shall mail copies of this Order to Plaintiff and to all Defendants named in the complaint. (Made JS-6. Case Terminated.)(klg, ) (Entered: 03/26/2007) |

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
MAR 21 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

I hereby attest and certify on 3/26/07 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY CLERK

1117

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. PALMER, Plaintiff, v. CORRECTIONAL OFFICER CROTTY, et. al., Defendants. | NO. CV 07-0813-JFW (AGR) ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA |

On February 7, 2007, Steven M. Palmer filed a complaint in this Court in which he alleged claims under 42 U.S.C. § 1983 in connection with his treatment while incarcerated in the California Correctional Institution at Tehachapi, which is located in the Eastern District of California; and at Salinas Valley Prison, which is located in the Northern District of California.

On February 9, 2007, this Court filed an Order to Show Cause ("OSC") Re Transfer of Action to the Eastern District of California asking any party to show cause why this action should not be transferred to the Eastern District because of improper venue.

The OSC permitted any party to file objections to the transfer on or before March 12, 2007.

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

ENTERED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
MAR 26 2007
CENTRAL DISTRICT OF CALIFORNIA

8

No party having filed objections,

IT IS THEREFORE ORDERED that this action be transferred to the United States District Court for the Eastern District of California in Fresno, and that the Clerk of this Court effect such transfer.

IT IS FURTHER ORDERED that the Clerk shall mail copies of this Order to Plaintiff and to all Defendants named in the complaint.

DATED: March 19, 2007

JOHN F. WALTER
United States District Judge

Presented by:

ALICIA G. ROSENBERG
United States Magistrate Judge

Case Number: ___________

CERTIFICATE OF FUNDS

IN

PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of Palmer Steven H46989 for the last six months

at SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT P.O. BOX 1020 SOLEDAD, CA 93960-1020 [prisoner name]

___________ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $ .31 and the average balance in the prisoner's account each month for the most recent 6-month period was $ ⊖.

Dated: 1/8/07

L. Macias

[Authorized officer of the institution]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Sacramento Clerk's Office
501 "I" Street , Suite 4-200
Sacramento, CA 95814
916-930-4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559-499-5600

**April 6, 2007**

**Case Number: 1:07-CV-00514-LJO-WMW**

**Case Title: STEVEN M. PALMER, vs. CROTTY, ET AL.,**

**Dear Litigant,**

**You are hereby notified that the above case number has been assigned to your action. You are to include it on all correspondence (i.e. letters, pleadings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.**

**All matters in this action shall be sent to the following address until further notice:**

**Office of the Clerk**
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

**For timely processing of your pleadings or correspondence, please comply with our Local Rules of Court, in particular:**

**<u>Local Rule 5-133</u> The court requires an <u>original plus one copy</u> of all pleadings, motions, correspondence, etc., sent for filing. If you desire to receive a conformed copy for your records, you must send a third copy of your pleading and a pre-addressed postage-paid envelope for us to return your copy to you.**

**<u>Local Rules 30-250, 33-250, 34-250 and 36-250</u> Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.**

**<u>Local Rule 5-135</u> Once the defendant(s) have served a responsive pleading, you are**

**under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.**

**<u>Local Rule 7-130</u> Documents submitted to the court must be legible, firmly bound at the top left corner, pre-punched with two (2) holes centered 2-¾" apart, ½ " from the top edge of the page and writing shall be on one (1) side of the page <u>only</u>.**

**<u>Local Rule 7-132</u> Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.**

**<u>Local Rules 83-182</u> Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective.**

**<u>Other Provisions:</u>**
**A complete copy of the Local Rules should be available in the prison library. We do not provide individual copies to litigants.**

**<u>Request for Case Status</u> The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive <u>all</u> court decisions which might affect the status of your case.**

**<u>Copy Work</u> The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800-842-2695. The court will provide copies of docket sheets at $0.50 per page. Note: In Forma Pauperis status does not include the cost of copies.**

**<u>Proposed Orders</u> Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.**

**Victoria C. Minor**
**Clerk of Court**
**United States District Court**

**by: /s/ W. Kusamura ____________________**
**Deputy Clerk**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

APR 23 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

STEVEN M. PALMER,
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. 1:07-CV-00514-LJO-WMW

CROTTY, ET AL.,
Defendant(s)/Respondents(s).

**IMPORTANT**
IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.

☐ **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: ________________ Signature: ________________________

Print Name: ________________________
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for * ________________________

☒ **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: 4/18/07 Signature: Steven M. Palmer X

Print Name: STEVEN M. PALMER
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for * ________________________

****If representing more than one party, counsel must indicate name of each party responding.***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

CROTTY, et al.,

Defendants.

______________________________/

1:07-CV-0514 LJO WMW PC

ORDER TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS **OR** FILING FEE

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee, or submitted an application to proceed in forma pauperis on the appropriate form pursuant to 28 U.S.C. § 1915. Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to plaintiff the form for application to proceed in forma pauperis.

2. Within thirty days of the date of service of this order, plaintiff shall submit a completed application to proceed in forma pauperis, or in the alternative, pay the $350 filing fee for this action. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: May 7, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

C/O CROTTY, et al.,

Defendants.

CV F 07 0514 LJO WMW P

FINDINGS AND RECOMMENDATION

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

By order filed May 7, 2007, plaintiff was directed to file an application to proceed in forma pauperis within thirty days. The thirty day period has now expired, and plaintiff has not filed an application to proceed in forma pauperis.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The

court's order requiring plaintiff to file an application to proceed in forma pauperis expressly stated: " failure to comply with this order will result in a recommendation that this action be dismissed." Thus, plaintiff received adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for plaintiff's failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1). Within twenty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: June 25, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Calif. 93960

JUL 0 6 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ___________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA.

Steven M. Palmer
plaintiff.

vs.

Crotty, et. al.
defendants

Case No. #CV-07-0148 & CV-07-0514

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATES RECOMMENDATI( AND FINDING June 25, 2007

The Plaintiff, makes this objection to the Magistrate's report dated June 25, 2007, by Judge Wunderlich. Also, to inform the Court of an obvious clerical err, in that this case started under case #CV-07-)0148, before Magistrate Beck. On March 23, 2007, Judge Beck grant Forma Pauperis status in Palmer v Crotty CV-07-0148-LJO-DLB-P due to some type of clerical err this matter was refered to Magistrate Wunderlich for failure to comply with an order already determined.

Therefore, the Magistrate's recommendation are completely wrong and without merit. It appears that no due diligence in examining the history of this case, which was a transfer case to his docket was done, nor was there any clerical supervision in altering the case number of a case already docketed. Once a number is given, that case must keep that same file number until a final judgment is rendered by the court.

It is respectfully requested that the Magistrate's report and recommendation be denied.

Respectfully Submitted

Date: 7/1/07

Steven M. Palmer

FILED
JAN 26 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____________
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1: 07 CV 00146 OWW DLB PC

Steven L Palmer, Plaintiff,

vs.

C/O Crotty Et. Al. Defendant.

CASE NO. ____________

**PRISONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

I, STEVEN M. PALMER declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1. Are you presently employed? Yes ___ No ✓

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: Ø Net: Ø

Employer: NONE

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received. (If you are imprisoned, specify the last place of employment prior to imprisonment.)

________________________________________

________________________________________

________________________________________

2. Have you received, within the past twelve (12) months, any money from any of the following sources:

a. Business, Profession or self employment — Yes ____ No ✓

b. Income from stocks, bonds, or royalties? — Yes ____ No ✓

c. Rent payments? — Yes ____ No ✓

d. Pensions, annuities, or life insurance payments? — Yes ____ No ✓

e. Federal or State welfare payments, Social Security or other government source? — Yes ____ No ✓

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

________________________________________

________________________________________

3. Are you married? — Yes ____ No ✓

Spouse's Full Name: Ø

Spouse's Place of Employment: Ø

Spouse's Monthly Salary, Wages or Income:

Gross $ Ø Net $ Ø

4. a. List amount you contribute to your spouse's support:$ Ø

b. List the persons other than your spouse who are dependent upon you for support and indicate how much you contribute toward their support. (NOTE: For minor children, list only their initials and ages. DO NOT INCLUDE THEIR NAMES.).

NONE

5. Do you own or are you buying a home? Yes ___ No ✓

Estimated Market Value: $ ∅ Amount of Mortgage: $ ∅

6. Do you own an automobile? Yes ___ No ∅

Make ∅ Year ∅ Model ∅

Is it financed? Yes ___ No ∅ If so, Total due: $ ∅

Monthly Payment: $ ∅

7. Do you have a bank account? Yes ___ No ✓ (Do not include account numbers.)

Name(s) and address(es) of bank: NONE

Present balance(s): $ ∅

Do you own any cash? Yes ___ No ✓ Amount: $ ∅

Do you have any other assets? (If "yes," provide a description of each asset and its estimated market value.) Yes ___ No ✓

8. What are your monthly expenses?

Rent: $ ∅ Utilities: ∅

Food: $ ∅ Clothing: ∅

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed on This Acct. |
|---|---|---|
| ∅ | $ | $ |
| ∅ | $ | $ |
| ∅ | $ | $ |

9. Do

you have any other debts? (List current obligations, indicating amounts and to whom they are payable. Do not include account numbers.)

NONE

10. Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits? Yes ____ No ____ N/A

Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which they were filed.

I consent to prison officials withdrawing from my trust account and paying to the court the initial partial filing fee and all installment payments required by the court.

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

1-23-07 Steven M. Palmer

DATE SIGNATURE OF APPLICANT

Case Number: ______________

CERTIFICATE OF FUNDS

IN

PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of Palmer Steven H46989 for the last six months at SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT P.O. BOX 1020 SOLEDAD, CA 93960-1020 [prisoner name] ______________ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $ .31 and the average balance in the prisoner's account each month for the most recent 6-month period was $ 0.

Dated: 1/8/07

L. Macias

[Authorized officer of the institution]

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

JAN 26 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_______________
DEPUTY CLERK

United States District Court
Eastern District

1: 07 CV 00148 OWW DLB PC

Steven M. Palmer
plaintiff

Civil Rights Complaint
42 usc 1983 pursuant to
28 usc 2201 & 2202

vs.

Correctional Officer
Crotty and the
Chief Medical Officer
of California Correctional
Institute and Salinas Valley
Prison et. al.
defendants

Venue
United States District Court
Eastern District
2500 Tulare Street.
Fresno, Calif. 93721

## Jurisdiction

The United States Constitutional gurantee against the Deliberate Indifference of Prison Officials Farmer v Brenner 511 u.s. 825 and 28 usc 1367 supplemental jurisdiction over state law civil claims. 28 usc 1343, 1331,1391(b)

## Plaintiff

At all times herein mentioned a prisoner of the State of California at the California State Prison at Salinas Valley Prison.

## Defendants

The defendants herein named are being sued in their official and indövidual capacities.

The unknown named Captain ofthe Security Housing unit at California Institute at Tehachàpi, for his failure to properly train his escort staff to follow (opp) operational proceures of escorting prisoners in handcuffs. There was suppose to be two officess during the incident.

Correctional Officer Crotty, for negligence under state law for not following opp rules for escorting prisoners [illegible] from their cells and it was obvious from his comments that he had contempt and disdain for the plaintiff and his action may have been indifferent to the safety of the plaintiff knowing that the plaintiff was backing out of the cell toward a flight of steps.

Chief Medical Officer of California Correctional Institute, Tehachapi for not providing emergency protocols for serverly injuried prisoners in the security housing unit or administrative segragatiion at CCI facility A

Salinas Valley Prison Health Care Committee, is a regional committee in charge of making health care polices for prisoners at Salinas Valley Prison real party at interest will still be the chief medical officer of Salinas Valley Prison. Named for its lack of adequate physical therapy facility at Salinas Valley, and for not providing a classification over ride and transfering the plaintiff to California Medical Facility a Vacaville.

Deputy Director of Health Care services division, is in charge of the statewi application of prisoner health care polices and is named in this action to in wherever the plaintiff is housed in the state injuctive order will be enforce and for not having a protocol for injuried prisoners transfer to inadequate facilitys like Salinas Valley Prison.

FACTS OF CASE

On the mornning of January 27, 2005, in the Administrative Segregation unit of California Correctional Institute at Tehachapi building 8 facility A Correctional Officer Crotty came to the cell of the plaintiff on the top row accessed by a flight of 14 steps. He was shouting "Get the hell up and get dressed" The plaintiff asked what for and he responded "Just get the fuck dress, I am taking you to committee on the charges that you assulted one of us," referring to a correctional officer, then he stated" Get ready for the pay back brother"

Then the plaintiff was handcuffed through the food port of the cell door behin his back as per operional procedures of the security housing unit, and he then proceeded to back out backward from the cell after the cell door opened. The plaintiff took several steps backwards and slip and fell 14 steps down the flight of stairs. The plaintiff was rushed to the local hospital in Tehachapi, he was immediately returned perpolicy of the Prison that no overnit hospital stays for level 4 prisoner unless life threating injury.

The plaintiff was placed back in the same exact cell, unable to walk paralized from the waist down, no accommadations was made for him, no wheel chair no cruched. He had to crawl around the cell and up and down the stairs on his hands and knees.

In the most excrusiating pain imaginable, for 14 days before he was taken to the prison infirmary. Not one medical official came to check on the plainti after his return from the hospital and sacrely did any check on him in the infiramry.

On: 10-18-05, the plaintiff was transfered to Salinas Valley Prison a facility totally without equiptment for medical needs prisoners, nor was it designed to house medical needs prisoners. Since the plaintiff's arrival at the prison has been having a hard time getting to his specialist appointments and receiving physical therapy such as whirlpool baths and weight trainning. The facility stays on constant lock down status for every little whim of prison officials therefore the plaintiff can not go out to walk and exercise muscles and keep some physical fitness regime. Not only are whirlpool baths and weight trainning not being provided, the plaintiff should have been placed in a singleman cell so he could have the full range of movement within his cell during long periods of lock down, to replace excercise out of cell.

The plaintiff was told that physical therapy and treatment was discretionary to the prison officials.

## Deliberate Indifference

The incident occured 2½ years after Plato v Davis the class action which found that the Department of Corrections was "Deliberately Indifferent" to the medical needs of prisoners. That was evident in this case, the plaintiff was crawling around in a prison block on his hands and kn for two weeks, without medical attention. Then when an effort was made it was meager at best, there is no way of know if there is any permanent nerve or spinal cord damage due to this lack of immediate care.

## LACK OF SUFFICIENT TRAINNING OF STAFF

The lack of adequate trainning of Officer Crotty is also a manifestion of the indifference of Prison officials, to send one lone officer to remove the plaintiff from his cell on the top row, handcuffed behind his back and walking backwards from his cell. This was a violation of established procedure for the removal of prisoners from the cell in administrative segregation, there was suppose to be two officers at the opening of the plaintiff's cell door, one on top of the stairs and one half way or midway on the stair way to break a falling persons prisoner or staff. from a fall down the stair way.

DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

After the fall the plaintiff should not have been placed back in the cell in the disciplinary unit, he should have been taken immediately to the prison infirmary and fited with and neck brace and back braces.
The plaintiff housing assignment was suppose to be changed after the diagnoses of the medical specialist to medical facility only.
The transfer to the Prison at Salinas Valley a facility not designed for the serious medical needs of the plaintiff, then their refusal to give him adquate adequate medical care, whirlpool baths and weight trainning, not even adequate outdoor exercise. All of this is done for the convenience of the Prison not taking any consideration of their obligations under the many Federal Court mandates to provide adequate medical care for prisoners.

STATE LAW CLAIMS

The plaintiff request that this court exercise its jurisdiction under 28 usc 1367, and allow the plaintiff to bring state law claims in this matter. The court has the power over state law civil claims and can hear and decide them along with federal law civil claims. (Wisconsin Department of Corrections v Schacht 188 S. Ct. 2047 524 u.s. 381, 141 L.ed. 2d 364)

NEGLIGENCE

The plaintiff claims negligence with malice on the part of the Correctional officer Crotty, he knew from his trainning he was not to attempt the removal of the plaintiff from his cell by himself, and from the initial comments made

by him that he had contempt and disdain for the plaintiff and could careless for his well being, therefore he lack sufficient concern to be viligence in his official duties. Then there was the lack of sufficient supervisio if the Captain had done his frequeant inspections, he would have notice this failure in following proper procedures and poor mantenence of the stairs with no step grips or slip guard type of strips on the stepps.

Cause of action I

The defendants were indifferent to the medical needs of the plaintiff in violation of the eighth amendment of the United States Consitution.

Cause of Action II

State law negligence in failure to use adequate care and mantenace of the facilitys during the incidents.

Verification and Prayer
for relief

Pursuant to 28 usc 1746, I do declare and verify under the penalty of perjury that the foregoing is true and corect.

Date. 1/23/07

[signature]

PRAYER OF RELIEF

INJUNCTIVE ORDER: The plaintiff is to be provided with adequate medical treatment at Salinas Valley Prison, this includes all the methods used in orthopedic slip fall cases such as his in general public. This is only to be restricted by reasonable security concerns, the plaintiff is to be provided with sufficient out of cell exercise to provide for adequate muscle activity, and when this is not possible, the plaintiff will be housed by himself to allow for adequate cell area for sufficient muscle activity.

DECLARATORY ORDER: Prison official are in violation of the eighth amendment in their treatment of the plaintiff.

COMPENSATORY DAMAGES: $100.000 One Hundred Thousand Dollars, for lost or any spinal cord damage or walking ability.

PUNITIVE DAMAGES: $100.000 One Hundred Thousand Dollars for the callous and malice treatment and indifference by the defendants, andthe pain and suffering of the plaintiff.

NORMIAL DAMAGES: Court cost and Attorney Fees

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Calif. 93960

JUL 13 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA.

Case No. #CV-07-0148 & CV-07-051

Steven M. Palmer
plaintiff.

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATES RECOMMENDAT AND FINDING June 25, 2007

vs.

Crotty, et. al.
defendants

The Plaintiff, makes this objection to the Magistrate's report dated June 25, 2007, by Judge Wunderlich. Also, to inform the Court of an obviou clerical err, in that this case started under case #CV-07-)0148, before Magistrate Beck. On March 23, 2007, Judge Beck grant Forma Pauperis status in Palmer v Crotty CV-07-0148-LJO-DLB-P due to some type of clerical err this matter was refered to Magistrate Wunderlich for failure to comply with an order already determined.

Therefore, the Magistrate's recommendation are completely wrong and without merit. It appears that no due diligence in examining the history of this case, which was a transfer case to his docket was done, nor was there any clerical supervision in altering the case number of a case already docketed. Once a number is given, that case must keep that same file number until a final judgment is rendered by the court.

It is respectfully requested that the Magistrate's report and recommendation be denied.

Date: July .9. 2007

Respectfully Submitted

Steven M. Palmer

SECOND Part to Objection,

ALSO, by A examinination and fartherring my due diligence concern the reasons for: Magistrate Wunderlich, recommendation, I ALSO foun through Salinas Valley State Prison "mailroom" that from the Date May 7 2007 untel the date I received the courts recommendatio 6.29.2007 "I did not" receive any-other "mail" or "Order" from th court since 4.9.2007. I'am sending Proof by sending the court a full copy of a; "CDC form 119" of all and any "LEGAL MAIL" that co in] to me and "LEGAL MAIL" that I send [out]. There is "NO" date sh that the "U.S.D.C. EASTERN Fresno" sending myself, "Steven M. Palm any "LEGAL DOCUMENTATION" From May .7. 2007 untel 6.29.2007 to meet "any Dead line" of ("20 days) ordered by the court. so by thi Proof I here by ask the Court to "EXEMPT ME" from that "order" a Deadline" obligation and Grant me my "OBJection" to magistrate's recommendation of "Dismissal" for: "FAILURE TO OBEY A COURT ORDER."

his is my second (#2) [illegible]

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

C/O CROTTY, et al.,

Defendants.

CV F 07 0514 LJO WMW P

FINDINGS AND RECOMMENDATION

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

By order filed May 7, 2007, plaintiff was directed to file an application to proceed in forma pauperis within thirty days. The thirty day period has now expired, and plaintiff has not filed an application to proceed in forma pauperis.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The

court's order requiring plaintiff to file an application to proceed in forma pauperis expressly stated: " failure to comply with this order will result in a recommendation that this action be dismissed." Thus, plaintiff received adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for plaintiff's failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1). Within twenty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **June 25, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

MIME-Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov
To:caed_cmecf_nef@localhost.localdomain Message-Id: Subject:Activity in Case
1:07-cv-00514-LJO-WMW (PC) Palmer v. Crotty et al Findings and Recommendations Content-Type:
text/html

***NOTE TO PUBLIC ACCESS USERS*** *You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.*

*U.S. District Court*

*Eastern District of California – Live System*

**Notice of Electronic Filing**

The following transaction was entered on 6/26/2007 at 9:50 AM PDT and filed on 6/26/2007

***Case Name:*** (PC) Palmer v. Crotty et al
***Case Number:*** 1:07-cv-514
***Filer:***
***Document Number:*** 6
***Docket Text:***
FINDINGS and RECOMMENDATIONS recommending that action be dismissed for plaintiff's failure to obey a court order. Findings REFERRED to Judge O'Neill,Objections to FRdue by 7/16/2007. Signed by Judge William M. Wunderlich on 6/25/2007. (Vasquez, J)

**1:07-cv-514 Electronically filed documents will be served electronically to:**

**1:07-cv-514 Electronically filed documents must be served conventionally by the filer to:**

Steven M. Palmer
H-46989
PO Box 1050
Soledad, CA 93960

The following document(s) are associated with this transaction:

MAIL CARD (CDC FORM 119) *06-Jul-07*

| DATE | CDC# | NAME | SENDER |
|---|---|---|---|
| 01/10/06 | H46989 | PALMER | CHIEF, INMATE APPEALS; SACTO, CA 94283 |
| 04/12/06 | H46989 | PALMER | CHIEF, INMATE APPEALS; SACTO, CA 94283 |
| 07/06/06 | H46989 | PALMER | DCSS; W. SACTO, CA 95798 |
| 01/29/07 | H46989 | PALMER | U.S.D.C. FRESNO CA 93721 |
| 02/13/07 | H46989 | PALMER | USDC LA CA 90012 |
| 02/13/07 | H46989 | PALMER | USDC LA CA 90012 |
| 02/16/07 | H46989 | PALMER | U.S.D.C. LA CA 90012 |
| 02/27/07 | H46989 | PALMER | U.S.D.C. FRESNO CA 93721 |
| 03/19/07 | H46989 | PALMER | U.S.D.C. LA CA 90012 |
| 03/21/07 | H46989 | PALMER | U.S.D.C. LA CA 90012 |
| 03/28/07 | H46989 | PALMER | U.S.D.C. LA CA 90012 |
| 03/28/07 | H46989 | PALMER | U.S.D.C. FRESNO CA 93721 |
|  04/09/07 | H46989 | PALMER | US DIST COURT CLERK; FRESNO, CA 93721 |
| 05/03/07 | H46989 | PALMER | DCSS COMMERCE CA 90040 |
| 06/20/07 | H46989 | PALMER | DCSS COMMERCE CA 90040 |
|  06/29/07 | H46989 | PALMER | U.S.D.C. EASTERN FRESNO CA 93721 |





**MAIL CARD (CDC FORM 119** *06-Jul-07*

| DATE | CDC# | NAME | ADDRESSEE |
|---|---|---|---|
| 11/16/05 | H46989 | PALMER | GOV CALIMS BOARD SAC CA 95812 |
| 1/17/06 | H46989 | PALMER | DIR OF CORR SAC CA 94283 |
| 5/2/06 | H46989 | PALMER | GOV CLM BRD SAC CA 95812 |
| 9/20/06 | H46989 | PALMER | DCSS W SAC CA 95798 |
| 1/10/07 | H46989 | PALMER | U.S.D.C.CENTRAL DIST. OF CA. RIVERSIDE, CA. 92501 |
| 1/24/07 | H46989 | PALMER | U.SD.C.EAST. DIST. OF CA., FRESNO, CA. 93721 |
| 1/31/07 | H46989 | PALMER | U.S.D.C.EAST. DIST. OF CA., FRESNO, CA. 93721 |
|  4/19/07 | H46989 | PALMER | OFF. OF THE CLERK, FRESNO, CA. 93721 |
| 5/7/07 | H46989 | PALMER | CHIEF, INMATE APPEALS; ASCTO, CA 94283 |
|  7/2/07 | H46989 | PALMER | U.S.D.C.EAST. DIST. OF CA., FRESNO, CA. 93721 |

Outgoing Legal-SVSP ←




IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

CROTTY, et al.,

Defendants.
_______________________________/

1:07-CV-0148 LJO DLB P

ORDER DIRECTING PAYMENT OF INMATE FILING FEE

To: The Director of the California Department of Corrections, 1515 S Street, Sacramento, California 95814:

Plaintiff, a prisoner proceeding pro se and in forma pauperis, is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. The Director of the California Department of Corrections or his designee shall collect payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the

preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

2. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's in forma pauperis affidavit on the Director of the California Department of Corrections, 1515 S Street, Sacramento, California 95814.

3. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

**Dated: March 23, 2007** **/s/ Dennis L. Beck**
3c0hj8 UNITED STATES MAGISTRATE JUDGE

FILED

JAN 26 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______________ DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1: 07 CV 00146 OWW DLB PC

Steven Palmer, Plaintiff,

vs.

C/O Crotty Et. Al. Defendant.

CASE NO. ______________

PRISONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS

I, STEVEN M. PALMER declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1. Are you presently employed? Yes ___ No ✓

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: Ø Net: Ø

Employer: NONE

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received. (If you are imprisoned, specify the last place of employment prior to imprisonment.)

______________________________________________

______________________________________________

______________________________________________

2. Have you received, within the past twelve (12) months, any money from any of the following sources:

a. Business, Profession or self employment — Yes ___ No ✓

b. Income from stocks, bonds, or royalties? — Yes ___ No ✓

c. Rent payments? — Yes ___ No ✓

d. Pensions, annuities, or life insurance payments? — Yes ___ No ✓

e. Federal or State welfare payments, Social Security or other government source? — Yes ___ No ✓

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

______________________________________________

______________________________________________

3. Are you married? Yes ___ No ✓

Spouse's Full Name: Ø

Spouse's Place of Employment: Ø

Spouse's Monthly Salary, Wages or Income:

Gross $ Ø Net $ Ø

4. a. List amount you contribute to your spouse's support:$ Ø

b. List the persons other than your spouse who are dependent upon you for support and indicate how much you contribute toward their support. (NOTE: For minor children, list only their initials and ages. DO NOT INCLUDE THEIR NAMES.).

NONE

5. Do you own or are you buying a home? Yes ___ No ✓

Estimated Market Value: $ Ø Amount of Mortgage: $ Ø

6. Do you own an automobile? Yes ___ No Ø

Make Ø Year Ø Model Ø

Is it financed? Yes ___ No Ø If so, Total due: $ Ø

Monthly Payment: $ Ø

7. Do you have a bank account? Yes ___ No ✓ (Do not include account numbers.)

Name(s) and address(es) of bank: NONE

Present balance(s): $ Ø

Do you own any cash? Yes ___ No ✓ Amount: $ Ø

Do you have any other assets? (If "yes," provide a description of each asset and its estimated market value.) Yes ___ No ✓

8. What are your monthly expenses?

Rent: $ Ø Utilities: Ø

Food: $ Ø Clothing: Ø

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed on This Acct. |
|---|---|---|
| Ø | $ | $ |
| Ø | $ | $ |
| Ø | $ | $ |

9. Do

you have any other debts? (List current obligations, indicating amounts and to whom they are payable. Do not include account numbers.)

______ NONE ______

______________________________

10. Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits? Yes ____ No ____ N/A

Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which they were filed.

______________________________

______________________________

I consent to prison officials withdrawing from my trust account and paying to the court the initial partial filing fee and all installment payments required by the court.

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

1-23-07 ______________________ Steven M. Palmer ______________________

DATE SIGNATURE OF APPLICANT

Case Number: ______________

# CERTIFICATE OF FUNDS

# IN

# PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of Palmer Steven H46989 for the last six months

[prisoner name]

at SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT P.O. BOX 1020 SOLEDAD, CA 93960-1020 where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $ .31 and the average balance in the prisoner's account each month for the most recent 6-month period was $ Ø.

Dated: 1/8/07

L. Macias

[Authorized officer of the institution]

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

FILED
JAN 26 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

United States District Court
Eastern District

1:07CV00148 OWW DLB PC

Steven M. Palmer
plaintiff

Civil Rights Complaint
42 usc 1983 pursuant to
28 usc 2201 & 2202

vs.

Correctional Officer
Crotty and the
Chief Medical Officer
of California Correctional
Institute and Salinas Valley
Prison et. al.
defendants

Venue
United States District Court
Eastern District
2500 Tulare Street
Fresno, Calif. 93721

Case 1:07-cv-00148-OWW-DLB Document 1 Filed 01/26/2007 Page 2 of 8

Jurisdiction

The United States Constitutional gurantee against the Deliberate Indifference of Prison Officials Farmer v Brenner 511 u.s. 825 and 28 usc 1367 supplementa jurisdiction over state law civil claims. 28 usc 1343, 1331,1391(b)

Plaintiff

At all times herein mentioned a prisoner of the State of California at the California State Prison at Salinas Valley Prison.

Defendants

The defendants herein named are being sued in their official and induvidual capacities.

The unknown named Captain ofthe Security Housing unit at California Institute at Tehachapi, for his failure to properly train his escort staff to follow (opp) operational proceures of escorting prisoners in handcuffs. There was suppose to be two officers during the incident.

Correctional Officer Crotty, for negligence under state law for not following opp rules for escorting prisoners [illegible] from their cells and it was obvious fro his comments that he had contempt and disdain for the plaintiff and his actio may have been indifferent to the safety of the plaintiff knowing that the plaintiff was backing out of the cell toward a flight of steps.

Chief Medical Officer of California Correctional Institute, Tehachapi for not providing emergency protocols for serverly injuried prisoners in the security housing unit or administrative segragatiion at CCI facility A

Salinas Valley Prison Health Care Committee, is a regional committee in charge of making health care polices for prisoners at Salinas Valley Prison real party at interest will still be the chief medical officer of Salinas Valley Prison. Named for its lack of adequate physical therapy facility at Salinas Valley, and for not providing a classification over ride and transfering the plaintiff to California Medical Facility a Vacaville.

Deputy-Director of Health Care services division, is in charge of the statewi application of prisoner health care polices and is named in this action to ir wherever the plaintiff is housed in the state injuctive order will be enforce and for not having a protocol for injuried prisoners transfer to inadequate facilitys like Salinas Valley Prison.

FACTS OF CASE

On the mornning of January 27, 2005, in the Administrative Segregation unit of California Correctional Institute at Tehachapi building 8 facility A Correctional Officer Crotty came to the cell of the plaintiff on the top row accessed by a flight of 14 steps. He was shouting "Get the hell up and get dressed" The plaintiff asked what for and he responded "Just get the fuck dress, I am taking you to committee on the charges that you assulted one of us," referring to a correctional officer, then he stated" Get ready for the pay back brother"

Then the plaintiff was handcuffed through the food port of the cell door behi his back as per opcrional procedures of the security housing unit, and he then proceeded to back out backward from the cell after the cell door opened. The plaintiff took several steps backwards and slip and fell 14 steps down the flight of stairs. The plaintiff was rushed to the local hospital in Tehachapi, he was immediately returned perpolicy of the Prison that no overni hospital stays for level 4 prisoner unless life threating injury.

The plaintiff was placed back in the same exact cell, unable to walk paralize from the waist down, no accommadations was made for him, no wheel chair no cruched. He had to crawl around the cell and up and down the stairs on his hands and knees.

In the most excrusiating pain imaginable, for 14 days before he was taken to the prison infirmary. Not one medical official came to check on the plaint after his return from the hospital and sacrely did any check on him in the infiramry.

Deliberate Indifference

The incident occured 2½ years after Plata v Davis the class action which found that the Department of Corrections was "Deliberately Indifferent" to the medical needs of prisoners. That was evident in this case, the plaintiff was crawling around in a prison block on his hands and kn for two weeks, without medical attention. Then when an effort was made it was meager at best, there is no way of know if there is any permanent nerve or spinal cord damage due to this lack of immediate care.

LACK OF SUFFICIENT TRAINNING OF STAFF

The lack of adequate trainning of Officer Crotty is also a manifestion of the indifference of Prison officials, to send one lone officer to remove the plaintiff from his cell on the top row, handcuffed behind his back and walking backwards from his cell. This was a violation of established procedure for the removal of prisoners from the cell in administrative segregation, there was suppose to be two officers at the opening of the plaintiff's cell door, one on top of the stairs and one half way or midway on the stair way to break a falling persons prisoner or staff. from a fall down the stair way.

DELIBERATE INDIFFERENCE TO
SERIOUS MEDICAL NEEDS

After the fall the plaintiff should not have been placed back in the cell in the disciplinary unit, he should have been taken immediately to the prison infirmary and fited with and neck brace and back braces.
The plaintiff housing assignment was suppose to be changed after the diagnose of the medical specialist to medical facility only.
The transfer to the Prison at Salinas Valley a facility not designed for the serious medical needs of the plaintiff, then their refusal to give him adquat adequate medical care, whirlpool baths and weight trainning, not even adequat outdoor exercise. All of this is done for the convenience of the Prison not taking any consideration of their obligations under the many Federal Court mandates to provide adequate medical care for prisoners.

STATE LAW CLAIMS

The plaintiff request that this court exercise its jurisdiction under 28 usc 1367, and allow the plaintiff to bring state law claims in this matter. The court has the power over state law civil claims and can hear and decide them along with federal law civil claims. (Wisconsin Department of Corrections v Schacht 188 S. Ct. 2047 524 u.s. 381, 141 L.ed. 2d 364)

NEGLIGENCE

The plaintiff claims negligence with malice on the part of the Correctional officer Crotty, he knew from his trainning he was not to attempt the removal of the plaintiff from his cell by himself, and from the initial comments made

by him that he had contempt and disdain for the plaintiff and could careless for his well being, therefore he lack sufficient concern to be viligence in his official duties. Then there was the lack of sufficient supervisi if the Captain had done his frequeant inspections, he would have notice this failure in following proper procedures and poor mantenance of the stairs with no step grips or siip guard type of strips on the stepps.

Cause of action I

The defendants were indifferent to the medical needs of the plaintiff in violation of the eighth amendment of the United States Cousitution.

Cause of Action II

State law negligence in failure to use adequate care and mantenace of the facilitys during the incidents.

Verification and Prayer
for relief

Pursuant to 28 usc 1746, I do declare and verify under the penalty of perjur that the foregoing is true and corect.

Date. 1 / 23 / 07

Stephan M. Palm

Case 1:07-cv-00148-OWW-DLB Document 1 Filed 01/26/2007 Page 6 of 8

On: 10-18-05, the plaintiff was transfered to Salinas Valley Prison a facility totally without equiptment for medical needs prisoners, nor was it designed to house medical needs prisoners. Since the plaintiff's arrival at the prison has been having a hard time getting to his specialist appointments and receiving physical therapy such as whirlpool baths and weight trainning. The facility stays on constant lock down status for every little whim of prison officials therefore the plaintiff can not go out to walk and exercise muscles and keep some physical fitness regime. Not only are whirlpool baths and weight trainning not being provided, the plaintiff should have been placed in a singleman cell so he could have the full range of movement within his cell during long periods of lock down, to replace excercise out of cell.

The plaintiff was told that physical therapy and treatment was discretionary to the prison officials.

PRAYER OF RELIEF

INJUNCTIVE ORDER: The plaintiff is to be provided with adequate medical treatment at Salinas Valley Prison, this includes all the methods used in orthopedic slip fall cases such as his in general public. This is only to be restricted by reasonable security concerns, the plaintiff is to be provided with sufficient out of cell exercise to provide for adequate muscle activity, and when this is not possible, the plaintiff will be housed by himself to allow for adequate cell area for sufficient muscle activity.

DECLARATORY ORDER: Prison official are in violation of the eighth amendment in their treatment of the plaintiff.

COMPENSATORY DAMAGES: $100.000 One Hundred Thousand Dollars, for lost or any spinal cord damage or walking ability.

PUNITIVE DAMAGES: $100.000 One Hundred Thousand Dollars for the callous and malice treatment and indifference by the defendants, andthe pain and suffering of the plaintiff.

NORMIAL DAMAGES: Court cost and Attorney Fees

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**STEVEN M. PALMER,**

**Plaintiff,** **CV F 07 0514 LJO WMW P**

**vs.** **FINDING AND RECOMMENDATION**

**C/O CROTTY, et al.,**

**Defendants.**

**On June 26, 2007, findings and recommendations were entered, recommending dismissal of this action for Plaintiff's failure to file a completed application to proceed in forma pauperis. Plaintiff has filed objections to the findings and recommendations.**

**In his objections, Plaintiff indicates that he originally filed this action as CV F 07 0148 LJO DLB P. Plaintiff did not intend to proceed in a separate action. A review of both actions reveals that the cases are identical. The court will therefore vacate the recommendation of dismissal for failure to obey a court order, and recommend dismissal without prejudice as duplicative. Plaintiff will not be assessed a filing fee in this action. Plaintiff is cautioned that if he desires to proceed in this later action, he will be assessed a filing fee.**

**Accordingly, IT IS HEREBY RECOMMENDED that this action be**

**dismissed without prejudice as duplicative.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: July 27, 2007** **/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**STEVEN M. PALMER,**

**Plaintiff,**

**vs.**

**C/O CROTTY, et al.,**

**Defendants.**

**CV F 07 0514 LJO WMW P**

**FINDING AND RECOMMENDATION**

**On June 26, 2007, findings and recommendations were entered, recommending dismissal of this action for Plaintiff's failure to file a completed application to proceed in forma pauperis. Plaintiff has filed objections to the findings and recommendations.**

**In his objections, Plaintiff indicates that he originally filed this action as CV F 07 0148 LJO DLB P. Plaintiff did not intend to proceed in a separate action. A review of both actions reveals that the cases are identical. The court will therefore vacate the recommendation of dismissal for failure to obey a court order, and recommend dismissal without prejudice as duplicative. Plaintiff will not be assessed a filing fee in this action. Plaintiff is cautioned that if he desires to proceed in this later action, he will be assessed a filing fee.**

**Accordingly, IT IS HEREBY RECOMMENDED that this action be**

**dismissed without prejudice as duplicative.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: July 27, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

Steven M. Palmer
#H-46989
Salinas Valley Prison
P.O. Box 1050
Soledad Calif. 93960

AUG 1 4 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA.

CASE NO. 1:07-CV-00514-LJO-WMW
Case No. #CV-07-0148 And CV-07-0514

Steven M. Palmer
plaintiff.

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATES RECOMMENDATION AND FINDINGS July 27 2007

VS.

Crotty et. al.
defendants

The Plaintiff makes this objection to the magistrate's report dated: July 27 2007, by Judge Wunderlich. In his last finding and recommendations he ordered a dismissal in this action due to, "Plaintiff's failure to file a completed application to proceed in forma pauperis". The court found the clerical err in this case after my objection to Judge Wunderlich recommendations and findings and the court therefore vacated the recommendations of dismissal for failure to obey a court order. Now magistrate's Judge Wunderlich new findings and recommendations are, "dismissal without prejudice as duplicative".

It is by my understandings of the laws of the court that by the Judge's recommendation and findings there must once again be some form of err in Judge Wunderlich findings.

IT is by my understanding that Judge Wunderlich beleaves I Voluntary dismissed this case/action, and recommended dismissal of this action under "without prejudice and as duplicative."

I neither sent a notice of "Voluntary dismiss to the court, nor asked the court if I may re-file this same claim on a later date, in a new lawsuit.

Therefore the magistrate's recommendations and finding are completely wrong and without merit.

I'am now asking the court to "grant me leave' on the "20 day dead-line" [if] my objections to Judge Wunderlich recommendations and findings are mis-understood, so I can correct my complaint and my objections to the finding made by Judge Wunderlich on July 27 2007. before final Judgement is rendered by th court. THe court request objection by Date: 8/20/07.

It is respectfully requested that the Magistrate's report and recommendations be denied

respectFully submitted
Steven M. Palmer
Steven M. Palmer

Date: AUGUST, 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NAKIA McCLAIN,<br><br>Plaintiff,<br><br>vs.<br><br>L. GONZALES, et al.,<br><br>Defendants. | ) | 1:07-CV-0945 OWW WMW PC<br><br>SECOND ORDER TO SUBMIT NEW APPLICATION TO PROCEED IN FORMA PAUPERIS AND CERTIFIED COPY OF TRUST ACCOUNT STATEMENT **OR** PAY FILING FEE |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On July 5, 2007, the court ordered plaintiff to submit an application to proceed in forma pauperis or pay the $350.00 filing fee. On July 12, 2007, plaintiff submitted an application to proceed in forma pauperis. However, plaintiff's application to proceed in forma pauperis did not include the required original signature by an authorized officer of the institution of incarceration. Additionally, plaintiff has not submitted a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915. Plaintiff will be provided the opportunity to submit a new application to proceed in forma pauperis and a certified copy of his trust account statement, **or** to pay the

$350.00 filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to plaintiff the form for application to proceed in forma pauperis.

2. Within thirty days of the date of service of this order, plaintiff shall submit a completed application to proceed in forma pauperis and an original certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint, or in the alternative, pay the $350.00 filing fee for this action. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: August 15, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA McCLAIN,<br><br>Plaintiff,<br><br>vs.<br><br>L. GONZALES, et al.,<br><br>Defendants. | 1:07-CV-0945 OWW WMW PC<br><br>SECOND ORDER TO SUBMIT NEW APPLICATION TO PROCEED IN FORMA PAUPERIS AND CERTIFIED COPY OF TRUST ACCOUNT STATEMENT **OR** PAY FILING FEE |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On July 5, 2007, the court ordered plaintiff to submit an application to proceed in forma pauperis or pay the $350.00 filing fee. On July 12, 2007, plaintiff submitted an application to proceed in forma pauperis. However, plaintiff's application to proceed in forma pauperis did not include the required original signature by an authorized officer of the institution of incarceration. Additionally, plaintiff has not submitted a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915. Plaintiff will be provided the opportunity to submit a new application to proceed in forma pauperis and a certified copy of his trust account statement, **or** to pay the

$350.00 filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to plaintiff the form for application to proceed in forma pauperis.

2. Within thirty days of the date of service of this order, plaintiff shall submit a completed application to proceed in forma pauperis and an original certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint, or in the alternative, pay the $350.00 filing fee for this action. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: August 15, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

Steven M. Palmer
#H-46989
Salinas Valley Prison
P.O. Box 1050
Soledad, California 93960

AUG 16 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA.

Case NO. 1:07-CV-00514-LJO-WMW

Steven M. Palmer
plaintiff

PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S RECOMMENDATION AND FINDING JULY 27, 2007

VS.

Crotty et. al.
defendants

The Plaintiff makes this objection to the magistrate's report dated July 27, 2007 by Judge Wunderlich. In Judge Wunderlich's last recommendations and findings he ordered a dismissal in this action dated June 25, 2007. stating," Plaintiff failure to file a completed application to proceed in forma Pauperis status". The court found the clerical err in this ruling after my timel objection to Judge Wunderlich's ruling and recommendation and the court therefore "Vacated" Judge Wunderlich findings and recommendations... recommendations of dismissal for fail to obey a court order. Judge Wunderlich's new recommenda ions and findings are now "dismissal without prejudice a duplicative". I now am making my objection to Magistrate wunderlich new ruling of dismissal without prejudice. It is my understanding of the courts rules and laws th By magistrates Wunderlich, ruling or recommendation that I asked for a "Voluntary dismissal" in this action/case. "I never wrote the court and dismissed or asked for a Voluntary dismissal" or to "continue on a different da by re-filing this claim on a later date. In a new lawsuit

Therefore the magistrates findings and recommendations may be in err or completely wrong and if so without merit.

I'am asking the court to "Vacate" magistrate's findings and recommendations filed on July 27, 2007 and grant my objection and continue with this action/claim

I'am also asking the court to grant this case "leave" on the "20 day dead-line" if my objection to Judge Wunderlich recommendations and findings are mis-understood — so I may correct any and all err's to these new findings, and before any final Judgement is rendered by the court or by Judge O'Neill

It is respectfully requested that the magistrate's report and recommendations be denied

Dated: August 12, 2007

Respectfully Submitted

Steven M. Palmer

Steven M. Palmer



Steven M. Palmer
#H-46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT

1:07-CV-00514-LJO-WMW
~~CV-07-0514-OWW-WMW~~

Steven M. Palmer
plaintiff.

Motion for Clarification
of Order August 15, 2007

vs.

Crotty
Correctional Officer
et.al.
defendants.

On or about August 1st, 2007, the Plaintiff received an order from the
Court entitled (Nakia Mc Clain v L. Gonzales CV-07-0945-OWW)
Upon reading of this order the plaintiff knew it had nothing to do with
his pending action in the above entitled case.    Therefore, it is requested
that the Court clarify if any order in the above entitled action was issued.
If so the plaintiff did not receive it, and instruct the clerk to reissue
any order, with new due date.

Please review attached order for further reference. It appears to be requesting Forma Pauperis documentation, which this plaintiff has already completed and filed with this court. If there was a mix up in the court's orders with this case then there should be an audit to determine what happened to those orders.

Date: 8/24/07

Respectfully

Harlen M. Palmer

LODGED
CLERK, U.S. DISTRICT COURT
FEB - 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
SEND
FEB - 7 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #

H-46989
STEVEN M. PALMER

PLAINTIFF(S)

V.

CORRECTIONAL OFFICER CROTTY AND THE MEDICAL (CHIEF) OFFICER

DEFENDANT(S)

CASE NUMBER

CV07- 813 (E)

## ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

**IT IS ORDERED** that the complaint be filed without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of 350.00. ~~An initial partial filing fee of $ ________ Must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter,~~ Monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

2/5/07
Date

United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Legally and/or factually patently frivolous
- ☐ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Other: ________
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to ________
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

Comments:

DOCKETED ON CM
FEB - 9 2007
BY 067

Date

United States Magistrate Judge

---

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED** ☐ **DENIED (See comments above)**

Date

United States District Judge

FILED

JAN 26 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY______________
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1: 07 CV 00148 OWW DLB PC

Steven Palmer,
Plaintiff,

vs.

C/O Crotty Et. Al.
Defendant.

CASE NO. ______________

**PRISONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

I, STEVEN M. PALMER declare, under penalty of perjury that I am the plaintiff in the above entitled case and that the information I offer throughout this application is true and correct. I offer this application in support of my request to proceed without being required to prepay the full amount of fees, costs or give security. I state that because of my poverty I am unable to pay the costs of this action or give security, and that I believe that I am entitled to relief.

In support of this application, I provide the following information:

1. Are you presently employed? Yes ___ No ✓

If your answer is "yes," state both your gross and net salary or wages per month, and give the name and address of your employer:

Gross: Ø Net: Ø

Employer: NONE

If the answer is "no," state the date of last employment and the amount of the gross and net salary and wages per month which you received. (If you are imprisoned, specify the last place of employment prior to imprisonment.)

______________________________________________

______________________________________________

______________________________________________

2. Have you received, within the past twelve (12) months, any money from any of the following sources:

a. Business, Profession or self employment — Yes ___ No ✓

b. Income from stocks, bonds, or royalties? — Yes ___ No ✓

c. Rent payments? — Yes ___ No ✓

d. Pensions, annuities, or life insurance payments? — Yes ___ No ✓

e. Federal or State welfare payments, Social Security or other government source? — Yes ___ No ✓

If the answer is "yes" to any of the above, describe each source of money and state the amount received from each.

______________________________________________

______________________________________________

3. Are you married? — Yes ___ No ✓

Spouse's Full Name: ___Ø___

Spouse's Place of Employment: ___Ø___

Spouse's Monthly Salary, Wages or Income:

Gross $___Ø___ Net $___Ø___

4. a. List amount you contribute to your spouse's support:$ ___Ø___

b. List the persons other than your spouse who are dependent upon you for support and indicate how much you contribute toward their support. (NOTE: For minor children, list only their initials and ages. DO NOT INCLUDE THEIR NAMES.).

NONE

5. Do you own or are you buying a home? Yes ___ No ✓

Estimated Market Value: $ Ø Amount of Mortgage: $ Ø

6. Do you own an automobile? Yes ___ No Ø

Make Ø Year Ø Model Ø

Is it financed? Yes ___ No Ø If so, Total due: $ Ø

Monthly Payment: $ Ø

7. Do you have a bank account? Yes ___ No ✓ (Do not include account numbers.)

Name(s) and address(es) of bank: NONE

Present balance(s): $ Ø

Do you own any cash? Yes ___ No ✓ Amount: $ Ø

Do you have any other assets? (If "yes," provide a description of each asset and its estimated market value.) Yes ___ No ✓

8. What are your monthly expenses?

Rent: $ Ø Utilities: Ø

Food: $ Ø Clothing: Ø

Charge Accounts:

| Name of Account | Monthly Payment | Total Owed on This Acct. |
|---|---|---|
| Ø | $ | $ |
| Ø | $ | $ |
| Ø | $ | $ |

9. Do

you have any other debts? (List current obligations, indicating amounts and to whom they are payable. Do not include account numbers.)

NONE

10. Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits? Yes ____ No ____ N/A

Please list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which they were filed.

I consent to prison officials withdrawing from my trust account and paying to the court the initial partial filing fee and all installment payments required by the court.

I declare under the penalty of perjury that the foregoing is true and correct and understand that a false statement herein may result in the dismissal of my claims.

1-23-07 Steven M. Palmer

DATE SIGNATURE OF APPLICANT

Case Number: ______________

CERTIFICATE OF FUNDS

IN

PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement showing transactions of Palmer Steven H46989 for the last six months

[prisoner name]

at SALINAS VALLEY STATE PRISON ACCOUNTING DEPARTMENT P.O. BOX 1020 SOLEDAD, CA 93960-1020 where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-month period were $ .31 and the average balance in the prisoner's account each month for the most recent 6-month period was $ ⊖.

Dated: 1/8/07

L. Macias

[Authorized officer of the institution]

EPORT ID: TS3030 REPORT DATE: 01/08/07
PAGE NO: 1

CALIFORNIA DEPARTMENT OF CORRECTIONS
SALINAS VALLEY STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: JUL. 01, 2006 THRU JAN. 08, 2007

CCOUNT NUMBER : H46989 BED/CELL NUMBER: FCB1T1000000114L
CCOUNT NAME : PALMER, STEVEN MARK ACCOUNT TYPE: I
RIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

| ATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|---|---|---|---|---|---|---|---|
| 7/01/2006 | | BEGINNING BALANCE | | | | | 0.00 |
| 7/07 | *VD54 | INMATE PAYROL | 0053 P5/06 | | 1.89 | | 1.89 |
| ?/01 | W536 | COPAY CHARGE | 0665 COPAY | | | 1.89 | 0.00 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 2/07/2006 | H110 | COPIES HOLD | 1632 COPY | 0.20 |
| 1/03/2007 | H114 | COPAY FEE, MED. | 1871 COPAY | 5.00 |

* RESTITUTION ACCOUNT ACTIVITY

ATE SENTENCED: 01/16/96 CASE NUMBER: BA124326
OUNTY CODE: LA FINE AMOUNT: $ 200.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|---|---|---|---|---|
| 7/01/2006 | | BEGINNING BALANCE | | 179.70 |
| 7/07/06 | VR54 | RESTITUTION DEDUCTION-SUPPORT | 1.34- | 178.36 |

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
* IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED. *

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 1.89 | 1.89 | 0.00 | 5.20 | 0.00 |

THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE TRUST ACCOUNT MAINTAINED BY THIS OFFICE.
ATTEST: 1/8/07
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY [signature] SUSP
TRUST OFFICE

CURRENT AVAILABLE BALANCE

ORT ID: TS3030 REPORT DATE: 01/06/07
PAGE NO: 1

CALIFORNIA DEPARTMENT OF CORRECTIONS
SALINAS VALLEY STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: OCT. 01, 2006 THRU JAN. 06, 2007

OUNT NUMBER : H46989 BED/CELL NUMBER: FCB1T1000000114L
OUNT NAME : PALMER, STEVEN MARK ACCOUNT TYPE: I
VILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

<< NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

CURRENT HOLDS IN EFFECT

| DATE 'LACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 07/2006 | H110 | COPIES HOLD | 1632 COPY | 0.20 |
| 03/2007 | H114 | COPAY FEE, MED. | 1871 COPAY | 5.00 |

TRUST ACCOUNT SUMMARY

| :EGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 5.20 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---|
| 5.20- |

Steven M. Palmer
#H46989
Salinas Valley Prison
P.O. Box 1050
Soledad Ca. 93960

FILED
JAN 26 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ______
DEPUTY CLERK

United States District Court
Eastern District

1: 07 CV 00148 OWW DLB PC

Steven M. Palmer
plaintiff

Civil Rights Complaint
42 usc 1983 pursuant to
28 usc 2201 & 2202

vs.

Correctional Officer
Crotty and the
Chief Medical Officer
of California Correctional
Institute and Salinas Valley
Prison et. al.
defendants

Venue
United States District Court
Eastern District
2500 Tulare Street.
Fresno, Calif. 93721

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

CROTTY, et al.,

Defendants.

1:07-cv-00514 LJO WMW (PC)

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

(DOCUMENT #1: doc #2 from Central District)

Plaintiff is a prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), enacted April 26, 1996, plaintiff is required to pay the statutory filing fee of $350.00 for this action.[1] Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by

[1] The statutory filing fee for all civil actions except applications for writs of habeas corpus is $350.00. See 28 U.S.C. § 1914(a).

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

IT IS SO ORDERED.

**Dated: October 1, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

CROTTY, et al.,

Defendants.

_____________________________/

1:07-cv-00514 LJO WMW (PC)

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

(DOCUMENT #1: doc #2 from Central District)

Plaintiff is a prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), enacted April 26, 1996, plaintiff is required to pay the statutory filing fee of $350.00 for this action.[1] Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by

[1] The statutory filing fee for all civil actions except applications for writs of habeas corpus is $350.00. See 28 U.S.C. § 1914(a).

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

IT IS SO ORDERED.

**Dated: October 1, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

v.

CROTTY, et al.,

Defendants.

_______________________________/

1:07-cv-00514 LJO WMW (PC)

ORDER DIRECTING PAYMENT OF INMATE FILING FEE

To: The Director of the California Department of Corrections, 1515 S Street, Sacramento, California 95814:

Plaintiff, a prisoner proceeding pro se and in forma pauperis, is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

In accordance with the above and good cause appearing therefore, IT IS HEREBY ORDERED that:

1. The Director of the California Department of Corrections or his designee shall collect payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the

preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

2. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's in forma pauperis affidavit on the Director of the California Department of Corrections, 1515 S Street, Sacramento, California 95814.

3. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

**Dated: October 1, 2007** **/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

RECEIVED/RETURNED
CLERK U.S. DISTRICT COURT
JAN 16 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
FEB - 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

JAN - 8 2007

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steven M. Palmer<br>PRISONER/PLAINTIFF,<br>v.<br>Correctional officer, Crotty<br>Chief medical officer<br>of California Correctional Institute.<br>DEFENDANT(S). | CASE NUMBER<br>CV07-813 (E)<br><br>**DECLARATION IN SUPPORT OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |

I, STEVEN MARK PALMER, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case; that in support of my request to proceed without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed in prison? ☐Yes ☑No
   a. If the answer is yes, state the number of hours you work per week and the hourly rate of pay:
   
   b. State the place of your incarceration SALINAS VALLEY STATE PRISON.
   Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2. Have you received, *within the past twelve months*, any money from any of the following sources?
   a. Business, profession or form of self-employment? ☐Yes ☑No
   b. Rent payments, interest or dividends? ☐Yes ☑No
   c. Pensions, annuities or life insurance payments? ☐Yes ☑No
   d. Gifts or inheritances? ☐Yes ☑No
   e. Any other income (other than listed above)? ☐Yes ☑No
   f. Loans? ☐Yes ☑No

If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: Ø

DOCKETED ON CM
FEB - 7 2007
BY 019

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐ Yes ☒ No

If the answer is yes, identify each account and separately state the amount of money held in each account for each of the *six (6) months prior* to the date of this declaration. Ø

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

If the answer is yes, describe the property and state it approximate value: Ø

5. In what year did you last file an Income Tax Return? 1999

Approximately how much income did your last tax return reflect? $500.00 (give or take)

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

— NONE —

— NONE —

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

CALIFORNIA
State

SALINAS VALLEY
County (or City)

I, STEVEN MARK PALMER, declare under penalty of perjury that the foregoing is true and correct.

1-7-07
Date

Steven M Palmer
Prisoner/Plaintiff (Signature)

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statue to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case. I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section 1915.

Steven M Palmer
Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $______________________ on account at the ____________________________________________ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $________. I further certify that during the past six months the average of monthly deposits to the applicant's account was$______________.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

____________________ Date

____________________ Authorized Officer of Institution (Signature)

EPORT ID: TS3030 REPORT DATE: 01/08/07
PAGE NO: 1

CALIFORNIA DEPARTMENT OF CORRECTIONS
SALINAS VALLEY STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: JUL. 01, 2006 THRU JAN. 08, 2007

CCOUNT NUMBER : H46989 BED/CELL NUMBER: FCB1T100000114L
CCOUNT NAME : PALMER, STEVEN MARK ACCOUNT TYPE: I
RIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

| ATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|---|---|---|---|---|---|---|---|
| 7/01/2006 | | BEGINNING BALANCE | | | | | 0.00 |
| 7/07* | VD54 | INMATE PAYROL | 0053 P5/06 | | 1.89 | | 1.89 |
| 9/01 | W536 | COPAY CHARGE | 0665 COPAY | | | 1.89 | 0.00 |

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 2/07/2006 | H110 | COPIES HOLD | 1632 COPY | 0.20 |
| 1/03/2007 | H114 | COPAY FEE, MED. | 1871 COPAY | 5.00 |

* RESTITUTION ACCOUNT ACTIVITY

ATE SENTENCED: 01/16/96 CASE NUMBER: BA124326
OUNTY CODE: LA FINE AMOUNT: $ 200.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|---|---|---|---|---|
| 7/01/2006 | | BEGINNING BALANCE | | 179.70 |
| 7/07/06 | VR54 | RESTITUTION DEDUCTION-SUPPORT | 1.34- | 178.36 |

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
* IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED. *

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 1.89 | 1.89 | 0.00 | 5.20 | 0.00 |

THE WITHIN INSTRUMENT IS A CORRECT COPY OF THE TRUST ACCOUNT MAINTAINED BY THIS OFFICE.
ATTEST: 1/8/07
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY L. Macias SUSP
TRUST OFFICE

CURRENT AVAILABLE BALANCE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

CROTTY, et al.,

Defendants.

_____________________________/

1:07-cv-00514 LJO WMW (PC)

FIRST INFORMATIONAL ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). This order highlights specific rules of which the parties should take particular note. FAILURE TO COMPLY WITH THE FEDERAL RULES, LOCAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR APPROPRIATE SANCTIONS, UP TO AND INCLUDING DISMISSAL OF THIS ACTION. Local Rule 11-110; Fed. R. Civ. P. 41(b).

1. Documents intended to be filed with the court by pro se litigants must be mailed to the Clerk of the Court. Local Rule 5-133(d)(1). All documents improperly mailed to a judge's chambers will be stricken from the record.[1] A document requesting a court order must be styled as a motion, not a letter. Fed. R. Civ. P. 7.

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

2. Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a). All documents submitted without the required signature(s) will be stricken. Each separate document must be bound separately at the top left corner. Local Rule 7-130(b). If a document is bound behind another document, it will not be filed and will not enter the court docket.

3. You are not required to send this court copies of your documents submitted for filing. Local Rule 5-133(d)(2). If the filing party wishes the court to return a file-stamped copy, he or she must include one copy for that purpose AND a pre-addressed postage paid envelope. The court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis. Copies of documents from the court file may be obtained at the cost of fifty cents per page.

4. After defendants have appeared in an action by filing a response to the complaint (i.e., an answer, a motion to dismiss, or a motion for summary judgment), all documents filed with the court must include a certificate of service stating that a copy of the document was served on the opposing party. Fed. R. Civ. P. 5; Local Rule 5-135. A document submitted without the required proof of service will be stricken. Where a party is represented, service on the party's attorney of record constitutes effective service.

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned and the letters "PC." Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains. Documents submitted listing more than one case number in the caption will be stricken.

6. The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). Evidence improperly submitted to the court will be stricken.

7. The Eastern District of California converted to an electronic filing, service, and storage system, effective January 3, 2005. Pro se litigants are exempt from the electronic filing requirement and must submit all documents to the court in paper. Local Rule 5-133(b)(2). Paper documents

submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office. After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded. Local Rule 39-138(d). For this reason, pro se litigants are cautioned not to send original exhibits to the court. When it is appropriate for pro se litigants to submit exhibits to the court (see paragraph 6), the litigants shall retain their original exhibits and send photocopies to the court.

8. After an answer is filed, the court will issue an order opening discovery, and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order. Discovery propounded on a party is self-executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the court. Local Rules 33-250, 34-250, 36-250. Discovery documents inappropriately submitted to the court will be stricken. Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. Fed. R. Civ. P. 37. A motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A). A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions.

9. Because plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be submitted without a hearing. Local Rule 78-230(m). The parties are referred to Local Rule 78-230(m) for the briefing schedule on motions.

10. All court deadlines will be strictly enforced. Requests for time extensions must state the reason the extension is needed and must be filed with the court before the deadline in question. Local Rule 6-144.

11. A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 83-182(f). If a plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice. Id. If

mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it. If the address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute. Local Rule 83-183(b).

12. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The court will direct the United States Marshal to serve plaintiff's complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants. The court has a large number of prisoner civil rights cases pending before it and will screen plaintiff's complaint in due course.

IT IS SO ORDERED.

**Dated: October 1, 2007**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

Plaintiff,

vs.

C/O CROTTY, et al.,

Defendants.

CV F 07 0514 LJO WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Salinas Valley State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Correction at CCI Tehachapi.

The claims in this action stem from an incident that occurred on January 27, 2005, at CCI Tehachapi. Plaintiff, housed in the Security Housing Unit (SHU), was directed to Defendant Correctional Officer (C/O) Crotty to "cuff up." Plaintiff was being taken to a hearing on allegations that he assaulted a correctional officer. Crotty allegedly told Plaintiff to "get ready for pay back brother."

Plaintiff was directed to back out of his cell to be handcuffed pursuant to SHU operating procedures. Plaintiff alleges that he "took several steps backward from the cell after the cell door opened. The plaintiff took several steps backwards and slip and fell 14 steps down the flight of stairs." Plaintiff was taken to a local hospital, then returned to the prison. Plaintiff alleges that as a result of the fall, he was paralyzed from the waist down. Plaintiff alleges that no accommodations were made for him. Plaintiff was forced to crawl around his cell and up and down the stairs. Plaintiff alleges that he was not taken to the prison infirmary for fourteen days.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a

familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Though Plaintiff has alleged facts that clearly indicate that he was subjected to serious harm and risk of serious injury, he fails to charge any named individual defendant with specific conduct that constitutes deliberate indifference. A generalized claim that Plaintiff was subjected to injury and was ignored is insufficient to state a claim for relief. Plaintiff must specifically allege facts that charge each individual with conduct that constitutes deliberate indifference. Because Plaintiff has failed to do so, the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: February 11, 2008**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

Plaintiff's Name______________________
Inmate No.__________________________
Address_____________________________
___________________________________
___________________________________

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

(Name of Plaintiff) (Case Number)

vs. AMENDED COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

(Names of all Defendants)

I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form)**:

A. Have you brought any other lawsuits while a prisoner? Yes ___ No ___

B. If your answer to A is yes, how many? __________
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff ____________________________________________

Defendants __________________________________________

2. Court (if Federal Court, give name of District; if State Court, give name of County)

3. Docket Number ______________ 4. Assigned Judge ________________

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

6. Filing date (approx.) ____________ 7. Disposition date (approx.) ____________

## II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes___ No___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes___ No___

If your answer is no, explain why not______________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

_________________________________________________________

C. Is the process completed?

Yes___ If your answer is yes, briefly explain what happened at each level.

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

No___ If your answer is no, explain why not.

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant ______________________________ is employed as ________________________

______________________ at ___________________________________________________

B. Additional defendants ______________________________

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

I declare under penalty of perjury that the foregoing is true and correct.

Date__________________ Signature of Plaintiff______________________________

(revised 2/10/2006)