UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN M. PALMER,

        Plaintiff,

vs.

Correctional Officer CROTTY, California Correctional Institution, Tehachapi; MEDICAL (CHIEF) OFFICER, California Correctional Institution, Tehachapi; and SALINAS VALLEY STATE PRISON,

        Defendants.

No. C 08-1116 PJH (PR)

**ORDER OF DISMISSAL**

        This case originally was filed in the United States District Court for the Central District of California. That court granted leave to proceed in forma pauperis and transferred it to the Eastern District. On February 11, 2008, the Eastern District dismissed the complaint with leave to amend, and on February 12, 2008, severed the claims against defendants in the Eastern District from those arising at Salinas Valley State Prison ("SVSP"), which is in this district, and transferred the latter portion of the case here.

**DISCUSSION**

**A.    Standard of Review**

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff contends that defendant Crotty, a correctional officer at the California Correctional Institution ("CCI") in Tehachapi, California, threatened him because plaintiff had been charged with assaulting a guard.  Plaintiff then fell down a flight of fourteen stairs.  He was rushed to the hospital, but was returned that day, paralyzed from the waist down.  Because of his injury he was forced to crawl around his cell and up and down the stairs.  He contends that he endured this for fourteen days before being taken to the infirmary, and that he was not checked by any "medical official[s]" while in his cell, and "scarcely" when he was in the infirmary.  Officials at CCI then transferred him to Salinas Valley State Prison, where the claims at issue in this court's portion of the case arose.

Plaintiff contends that SVSP lacks equipment for "medical needs prisoners," and was not designed to house such prisoners.  He asserts that has a "hard time getting to his

specialist appointments and receiving physical therapy such as whirlpool baths and weight training." He also asserts that because the prison is usually on an unnecessary lockdown, he should have been given a single-person cell, so he could exercise to replace out-of-cell exercise.

The defendant named in the caption is "Salinas Valley State Prison." In the list of defendants in the body of the complaint the only SVSP defendant is "Salinas Valley Prison Health Care Committee." Whichever is intended to be the defendant, neither states nor state agencies cannot be sued in federal court. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state); *Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir.) (California Adult Authority and California Dep't of Corrections not persons within meaning of Civil Rights Act). The claims in the portion of the complaint transferred to this court therefore must be dismissed.

Because no amendment could allege any set of facts in support of the claim against these defendants that would entitle plaintiff to relief, the dismissal will be without leave to amend. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (pro se complaint "'may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'") (citations omitted).

**CONCLUSION**

The complaint is **DISMISSED** with prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\PALMER1116.DSM.wpd

3